Philip K. ANDERSON, Appellant,

v.

WHEELER CONSTRUCTION, Appellee.

Superior Court of Delaware,
New Castle.

May 19, 1970.

Oliver V. Suddard, Wilmington, for appellant.

Richard I. G. Jones, Wilmington, for appellee.

## OPINION

CHRISTIE, Judge.

The injured appellant employee entered into an agreement as to compensation with the appellee-employer. Thereafter, the employer filed a petition to terminate payments under the agreement and the employee-appellant consulted an attorney. The attorney filed a request for hearing before the Industrial Accident Board on the employer's petition to terminate payments.

Pretrial conferences were held and several hearing dates were set. There was a delay because of a problem as to whether the named insurance carrier covered the employer. Before the final date set for the hearing the dispute was settled by the parties and the employer withdrew its petition to terminate.

Shortly thereafter the attorney for the employee wrote to the Industrial Accident Board and asked that an attorney's fee be taxed against the employer. The Board denied his request on the ground that 19 Del.C. § 2127 provides that a reasonable attorney's fee may be awarded to an attorney only when an employee has been "awarded" compensation under the Workmen's Compensation Act and that an agreement as to compensation entered voluntarily between employer and employee is not an "award" by the Industrial Accident Board.

It is clear that the attorney rendered substantial services to his client and that a formal hearing was avoided by the settlement.

The Court must decide whether or not the allowance of an attorney's fee under 19 Del.C. § 2127 is limited to cases where there is an actual hearing before the Industrial Accident Board. Closely related to that question is the issue of whether or not an attorney can charge a fee for work on a case for an employee claimant if a fee is not allowed as a part of an award by the Board.

The statute as to attorney's fees provides as follows:

(a) A reasonable attorney's fee in an amount not to exceed 30% of the award or $2250, whichever is smaller, shall be allowed by the Board to any employee awarded compensation under this chapter and Chapter 23, and taxed as costs against a party.

(b) No compensation, other than the fee provided by subsection (a) of this section, may be received by an attorney for services before the Board; provided, however, that this limitation shall not apply to any fee for services rendered by an attorney on appeal from an award or a denial of an award by the Board. (19 Del.C. § 2127).

The term "award" is not precisely defined anywhere within the Workmen's Compensation Act, but a review of the several sections of Title 19, Part 2, leads to the conclusion that the General Assembly intended the word "award" to mean compensation received as a result of a formal hearing and presentation before the Industrial Accident Board, and does not include compensation paid under a voluntary agreement between employer and employee. Under the provisions of § 2344, voluntary agreements as to the amount of compensation are filed with and approved by the Board without a hearing. They do not

constitute an "award" as that word is used in the statute.

I find no error in the ruling of the Board that the claimant is not entitled to an award of an attorney's fee under the circumstances of this case.

The second question raised on this appeal concerns the propriety of an attorney charging the claimant a fee for services in a Workman's Compensation case where the attorney is not eligible for an award of a fee as part of the judgment. Section 2127(b), quoted above, limits the fee of an attorney "for services before the Board" to that provided for in subsection (a) of the same statute. The determination of this issue is not essential in this appeal but it is so closely related to the first issue discussed that the Court feels a duty to express its views therein.

The statutory provisions could be interpreted to mean that an attorney, not entitled to any award of compensation as a result of successfully representing his client at a formal hearing, is not entitled to seek any compensation at all for his services in connection with the claim. In my opinion such interpretation would be strained and illogical. I think the statute, correctly interpreted, provides that if claimant is entitled to an attorney's fee as part of the award under Section 2127(a), the attorney may not seek any additional compensation for services in connection with the claim involved; but if the claimant is ineligible for an attorney's fee as part of an award because, for example, the case is settled without formal hearing or because the claimant received no award as a result of the hearing, then the provisions of Section 2127 find no application. In such case the attorney may look to his client for compensation in accord with any agreement he may have had with the client just as an attorney may do in other forms of litigation.

It is recognized that undesirable administrative procedures may flow from the provisions of the statute as interpreted.

For example, claimants may request unnecessary hearings where settlements would have been agreed to if the claimants' attorney could have insisted on receiving his compensation from the employer in connection with a settlement. On the other hand, as has been noted, there is no provision in the statute which would require employers to pay the claimants' lawyer when no award has been made, and this matter may be subject to negotiation along with the claim itself.

A clearer and more complete statutory scheme as to attorney's fees would be desirable. The Court, however, must interpret the statute as it finds it. The many weaknesses of the Workmen's Compensation Act and the need for a complete revision has been often noted by the Courts.

The decision of the Industrial Accident Board is affirmed. It is so ordered.