**John M. HUFF, Sr., Plaintiff,**

**v.**

**INDUSTRIAL ACCIDENT BOARD, Defendant.**

Superior Court of Delaware, New Castle County.

Submitted Feb. 4, 1981.

Decided April 23, 1981.

Harvey B. Rubenstein, Wilmington, for plaintiff.

Robert P. Lobue, Deputy Atty. Gen., Wilmington, for Industrial Acc. Bd.

TAYLOR, Judge.

This is an appeal from the decision of the Industrial Accident Board [Board] which denied plaintiff's application to permit payment by plaintiff to his attorney of a fee in excess of $2,250 in connection with a settlement of a claim for permanency benefits and disfigurement benefits. The private fee agreement between plaintiff and his attorney had provided for a fee in excess of the $2,250 maximum fee permitted by Board Rule 24(A).

The plaintiff's claim for permanency benefits had been filed with the Board. One week before the scheduled hearing of the claim, a settlement was reached between plaintiff and employer providing for weekly payments totalling $27,810 and a $1,000 attorney's fee to be paid by employer.

I

The first issue is whether the Board may validly restrict the amount of attorney's fees where settlement of a workmen's compensation claim is reached prior to a hearing before the Board. Plaintiff contends that the Board's power to regulate attorney's fees is limited to those matters which are specified in 19 Del.C. § 2127. §§ 2126 and 2127 deal with the subject of attorney's fees. § 2126 provides:

Fees of attorneys and physicians for services under Part II of this title shall be subject to the approval of the Board.

This section has been a part of the Workmen's Compensation Law since its enactment in 1917. 29 Del.Laws Ch. 233, 3193 mm. Section 132. Subparagraph (a) of § 2127 was enacted as a new section in 1961 by 53 Del.Laws Ch. 381, the maximum fee being $500. The entire § 2127 in its present form was enacted in 1966 by 55 Del.Laws Ch. 451. It is clear that § 2127 applies to the allowance of attorney's fees "to any employee awarded compensation under [Ch. 21] and Chapter 23 of this Title and taxed as costs against a party." This is re-inforced by the language of subsection (b) which provides "no compensation, other than the fee provided by subsection (a) of this section, may be received by an attorney for services before the Board". This Court held in Anderson v. Wheeler Construction, Del.Super., 267 A.2d 616 (1970) that a voluntary agreement between an employee and an employer is not an award as that term is used in § 2127. Section 2127 was held to apply only where an attorney is entitled to recover an attorney's fee from the employer and that under the statute the employee is not entitled to recover an attorney's fee from the employer unless an award is made.

Plaintiff contends that § 2127 has the effect of limiting the scope of § 2126. I do not find that this result follows from either the legislative history or from the context of the sections. § 2126 was a part of the basic Workmen's Compensation Law as originally enacted and applies to fees for services rendered "under the provisions of

this Article", constituting the entire Workmen's Compensation Law.

§ 2126 provides a general limitation on fees of attorneys and physicians for services rendered under the Workmen's Compensation Law and contains none of the limitations of § 2127.[1] Recognizing that § 2126 was in existence for over 40 years before enactment of § 2127 and that § 2127 makes no reference to § 2126, I do not find the enactment of § 2127 had the effect of limiting § 2126 to the subject matter of § 2127. Of course, § 2127 placed a limitation upon or defined the powers of the Board with respect to attorney's fees to be taxed as costs against the opponent.

It appears that historically each party to a workmen's compensation proceeding was required to bear his or its own attorney's fees. 3 Larson's Workmen's Compensation Law § 83.00, § 83.11, p. 15–584. The enactment in 1962 of § 2127 by 53 Del.Laws Ch. 381, titled "An Act To Amend Chapter 21, Title 19, Delaware Code, Relating to Workmen's Compensation By Providing For An Attorney's Fee For An Injured Employee" represented a legislative departure from the historic principle that each party would bear its own legal expenses. Ibid, § 831.2, p. 15–585. Therefore, the thrust of § 2127 was to impose on the losing employer the obligation to pay reasonable attorney's fees up to specified maximums and to forbid recovery of any additional compensation for such services.

█ On the other hand, § 2126, enacted in 1917, gave the Board power to approve attorney's fees relating to workmen's compensation matters and did not impose the obligation for payment upon the losing opponent. The inclusion of this provision in the original Delaware Workmen's Compensation Law is in harmony with the basic

concept of that law to provide a new remedy and protection for those who are injured while working in industry, to provide a facility by which compensation could be readily available to injured employees, State v. Dist. Ct. of Hennepin Co., Minn. Supr., 139 Minn. 210, 166 N.W. 772 (1918); May v. Charles Hoertz & Son, Mich.Supr., 204 Mich. 432, 170 N.W. 305 (1919); and to assure that the employees would not suffer excessive charges for services rendered in obtaining that compensation. In re Yeiser, Neb.Supr., 110 Neb. 65, 192 N.W. 953 (1923), aff'd Yeiser v. Dysart, 267 U.S. 540, 45 S.Ct. 399, 69 L.Ed. 775 (1925); Sarja v. Pittsburgh Steel Ore Co., Minn.Supr., 154 Minn. 217, 191 N.W. 742 (1923), cert. denied, Swanson v. Sarja, 262 U.S. 754, 43 S.Ct. 702, 67 L.Ed. 1216 (1923). The impact of § 2126 on fee agreements made between injured employees and their attorneys was recognized by this Court in General Motors Corporation v. McKenney, Del.Super., 268 A.2d 878 (1969):

§ 2126 has long provided that "Fees of attorneys and physicians for services under the provisions of Part II of this title shall be subject to the approval of the Board". All attorney-claimant retainer agreements are thus entered subject to Board approval.

█ I conclude that the Board has authority to approve or disapprove fees to be received by attorneys rendering services in connection with the recovery of workmen's compensation notwithstanding the fact that a fee agreement may have been entered into between an injured employee and his attorney. I further find that the limitations set forth in § 2127 are not applicable with respect to fees to be paid by an injured employee to his attorney for services which do not result in an award of workmen's benefits by the Board.[2] Therefore, the lim-

1. It will be noted that Anderson involved an application by the employee's attorney for allowance of attorney's fee to be taxed against the employer in an instance where settlement of the compensation claim was reached without a decision by the Board. Therefore, it is understandable that the Court in Anderson limited its discussion to § 2127 and made no reference to § 2126. Viewed in its context, the

language of Anderson which states that "the attorney may look to his client for compensation in accord with any agreement he may have had" did not give consideration to statutory provisions other than § 2127.

2. It has been held that a settlement of a claim voluntarily entered into between an employee and an employer is not an award within the

itations contained in § 2127 do not govern the fee which an attorney may receive from an injured employee upon settlement of a workmen's compensation claim without decision by the Board.

## II

■ There remains the question of whether the Board had the power to adopt a rule which established a maximum attorney's fee of $2,250 which the attorney can receive from the injured employee, as it has done in Rule 24(A).[3] § 2126 contains no standard for the Board to exercise in its approval or disapproval of an attorney's fee. I conclude that the applicable standard is that of a reasonable attorney's fee. This standard has been the subject of judicial consideration by this Court and by the Supreme Court in *General Motors Corporation v. McKenney*, supra; *M & M, Inc. v. Wade*, Del.Super., 297 A.2d 403 (1972) and *General Motors Corporation v. Cox*, Del. Supr., 304 A.2d 55 (1973). In *Cox*, the Delaware Supreme Court enumerated factors which may properly be considered in determining reasonable attorney's fee. The Court in *Cox* apparently did not have occasion to consider the impact of the statutory limitation found in § 2127, since in *Cox* the major portion of the claimed fees involved services rendered upon appeal, which are not subject to the monetary limitation of § 2127. I conclude that in considering reasonable attorney's fees for services which culminated in a voluntary settlement, the Board may properly consider the statutory maximums found in § 2127, but that it should give consideration to whether there are factors which render the services provided in reaching the settlement to be of greater virtue than the attorney's services would have been if settlement had not been reached and the matter had proceeded to entry of an award by the Board. I find, therefore, that the fixing of a maximum amount identical to the maximum amount permitted under § 2127 deprived plaintiff of the opportunity for hearing before the Board on the subject of reasonableness of the attorney's fees and violated the principle announced by the Delaware Supreme Court in *General Motors Corporation v. Cox*, supra.

## III

The decision of the Board denying approval of the proposed attorney's fees based upon Board Rule 24(A) is reversed and the matter is remanded to the Board for further proceedings consistent herewith.

With respect to plaintiff's request for a writ of prohibition prohibiting the Board from imposing or giving effect to that part of Board Rule 24(a) which sets a maximum attorney's fee of $2,250, the writ of prohibition is granted.

IT IS SO ORDERED.

---

meaning of § 2127. *Hope's Suburban Garbage v. Hope*, Del.Super., 348 A.2d 336 (1975); *Anderson v. Wheeler Construction*, supra.

**3.** Board Rule 24(A) provides:

(A) If the claimant is entitled to an attorney's fee as part of the award under 19 Del.C. Section 2127(a), the attorney may not seek any additional compensation from his client for services before the Board in connection with the claim involved; but if the claimant is ineligible for an attorney's fee as part of an award because, for example, the case is settled without formal hearing or because the claimant received no award as a result of the hearing or because the hearing was held on a claimant's petition for commutation, then the provisions of Section 2127 find no application. In such case the attorney may look to his client for compensation in accord with any agreement he may have had with the client just as an attorney may do in other forms of litigation, but in no event will an attorney's fee in excess of $2,250 be received by the claimant's attorney for each issue in any one controversy.