Marie **KELLY**, Employee-Appellant Below, Appellant,

v.

**J & J CORPORATION**, Employer-Appellee Below, Appellee.

Supreme Court of Delaware.

Submitted May 13, 1982.

Decided June 21, 1982.

**428**

David R. Hodas (argued) of Potter & Carmine, P. A., Wilmington, for appellant.

Robert W. Ralston (argued) of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for appellee.

Before McNEILLY, QUILLEN and HORSEY, JJ.

PER CURIAM:

Employee-appellant, Miss Marie Kelly, appeals from the November 30, 1981 letter opinion and order of the Superior Court which affirmed the Industrial Accident Board's ruling terminating her total disability status.

 After careful consideration of Miss Kelly's contentions, we conclude that the Superior Court was correct in its determination that there was substantial evidence in the record to support the Board's finding that she was not *prima facie* a "displaced worker". Since the employee thus had the burden to show reasonable efforts to secure employment and she failed to make any effort in over two and a half years, total disability payments by the employer were properly terminated. *Chrysler Corporation v. Duff*, Del.Supr., 314 A.2d 915, 917 (1973); *Franklin Fabricators v. Irwin*, Del.Supr., 306 A.2d 734, 737 (1973). Prior to her fall which caused a 10–15% physical impairment of her back, Miss Kelly had more than twenty-five years of experience in restaurant work. Restaurant work includes a variety of jobs of varying physical demands. The Board could properly conclude that, given the nature of the restaurant business and Miss Kelly's condition, it was time for Miss Kelly to break free from the shackles of her despondency and to seize upon her experience by looking for employment.

In addition, we find that the Superior Court properly found that the voluntary agreement between Miss Kelly and the employer's insurance company in which the company agreed to pay Miss Kelly medical transportation expenses was not an "award" as contemplated under the Workmen's Compensation statute, [*Huff v. Industrial Accident Board*, Del.Super., 430 A.2d 796, 798 n. 2 (1981); *Hope's Suburban Garbage v. Hope*, Del.Super., 348 A.2d 336, 337–38 (1975); *Anderson v. Wheeler*, Del.Super., 267 A.2d 616, 617 (1970)], and thus she was not entitled to either attorney fees [19 *Del.C.* § 2127] or medical expert witness fees [19 *Del.C.* § 2322(e)].

The decision of the Superior Court is affirmed.