**STATE of Delaware, Employer-Appellant, Appellant,**

v.

**Elizabeth DREWS, Employee-Appellee, Appellee.**

Supreme Court of Delaware.

Submitted: Jan. 29, 1985.

Decided: April 9, 1985.

Colin Shalk (argued) and Beth H. Christman, of Tybout, Redfearn, Casarino & Pell, Wilmington, for employer-appellant.

Craig A. Karsnitz (argued), of Young, Conaway, Stargatt & Taylor, Wilmington, for employee-appellee.

John J. Schmittinger and Philip E. Herrmann, of Schmittinger and Rodriguez, P.A., Dover, amici curiae.

J.R. Julian, P.A., Roger A. Brown, Wilmington, for Pennsylvania Mfrs' Ass'n Ins. Co., amici curiae.

Before McNEILLY, HORSEY, MOORE and CHRISTIE, JJ., and HARTNETT, Vice Chancellor, constituting the Court en banc.

MOORE, Justice:

The State of Delaware (the employer) appeals a ruling of the Superior Court reversing an Industrial Accident Board (Board) decision which had denied attorney's fees to the claimant, Elizabeth Drews. The issue is whether a concession of liability, made by the State on the eve of a hearing on the merits, precludes an allowance of counsel fees because the Board then was not required to make a compensation award. The Board considered that the State's concession fell within the rule of *Kelly v. J & J Corp.*, Del.Supr., 447 A.2d 427 (1982), denying an allowance of fees in cases where the parties have reached a voluntary agreement. The Superior Court found that under the circumstances here an award had been made, and reversed the Board. We agree with that result and affirm.

I.

The claimant, Elizabeth Drews, is a nurse at the Emily P. Bissell Hospital, a State of Delaware institution. She was called to work early on February 6, 1983, when many employees were unable to reach the hospital because of a snow storm. As Mrs. Drews drove into the hospital grounds, she came upon a physician's car which was stuck in the snow, blocking the driveway. She left her vehicle and attempted to help the doctor move his car.

In the process, she slipped and fractured her left shoulder. The State's insurance carrier denied her claim for compensation, asserting that the accident was not compensable under our worker's compensation law. Mrs. Drews then hired an attorney to prosecute her claim before the Board.

On October 21, 1983, the State's lawyer wrote to Mrs. Drews' counsel, advising that he would recommend settlement to his client.[1] The claimant's attorney responded by letter, dated October 25, 1983, stating that he would review the settlement papers when they were received. Nothing further happened, and on November 7, 1983, Mrs. Drews' lawyer wrote the State's counsel to advise that (1) it was apparent no accord had been reached, and (2) if the parties settled within ten days of the Board hearing, Mrs. Drews would demand counsel fees pursuant to 19 *Del.C.* § 2127 and Board Rule 24(D).[2] On November 10, 1983, the claimant's attorney received a letter from the State's lawyer, dated November 4, 1983.[3] This document contained what the Board found to be the first offer of settlement. Upon receiving the "November 4" letter Mrs. Drews' lawyer responded that he would decline the proposal unless it included attorney's fees. The State refused to pay such fees, and indicated that if this settlement was rejected the employer would contest the merits of Mrs. Drews' compensation claim.

> When an offer of settlement is made by an employer or its insurance carrier and such offer is at least equal to the award ordered by the Board, and said offer has been communicated to the employee's attorney in writing at any time more than 21 days prior to the hearing before the Board, the Board shall consider such facts in its determination of reasonableness of the attorney's fees.

1. The State's counsel, who argued before us, was not involved in any aspect of these matters while the case was pending before the Board.

2. 19 *Del.C.* § 2127 provides:
   (a) A reasonable attorney's fee in an amount not to exceed 30% of the award or $2,250, whichever is smaller, shall be allowed by the Board to any employee awarded compensation under this chapter and Chapter 23 of this title and taxed as costs against a party.
   (b) No compensation, other than the fee provided by subsection (a) of this section, may be received by an attorney for services before the Board; provided, however, that this limitation shall not apply to any fee for services rendered by an attorney on appeal from an award or a denial of an award by the Board.
   Board Rule 24(D) provides:

3. The Industrial Accident Board noted in its opinion that:
   Crossing in the mail [with the claimant's attorney's letter of November 7, 1983] was a letter dated November 4, 1983 sent by the employer's attorney. This did not reach the claimant's attorney until November 10, 1983 and the Board suspects that this letter was mailed sometime after November 4, 1983.

Relying on the statement that compensability for the injury now would be contested, Mrs. Drews' attorney prepared a memorandum of law on the merits of the claim for submission at the Board hearing. However, on the day before trial counsel for the State agreed to concede all issues except attorney's fees.

On November 17, 1983, the matter proceeded to a hearing at which the State formally conceded liability for Mrs. Drews' accident. The Board then made the following findings:

> We find that the claimant is entitled to receive total disability payments beginning February 6, 1983 and ending April 11, 1983 totalling $1,905.38 based upon a rate of $208.45 per week. The employer has conceded this point. We find it is unfair to claimants to have employers deny claims arising approximately 7 months before settlement offer is tendered and that that tender comes within the 21 days of the hearing date. The claimant has had to incur the expense and trouble of retaining an attorney and that attorney has had to perform work on her behalf.

However, the Board denied the claimant's request for attorney's fees, citing *Kelly v. J & J Corp.*, Del.Supr., 447 A.2d 427 (1982). Mrs. Drews appealed the attorney fees ruling to the Superior Court, where the Board's decision was reversed. The State now appeals.

## II.

■ Under Delaware law, if the Board makes a compensation award, then a reasonable attorney's fee shall be allowed. *See* note 2 *supra*. Absent an award for a compensable injury, the claimant is not entitled to counsel fees. *Kelly v. J & J Corp.*, Del.Supr., 447 A.2d 427 (1982); *Hope's Suburban Garbage v. Hope*, Del. Super., 348 A.2d 336 (1975); *Fitzgerald v. Roy's Flying "A"*, Del.Super., 266 A.2d 193 (1970).

■ Here, the Board concluded that it could not allow such fees because the employer had conceded its liability. Thus, according to the Board, there was no issue of compensability upon which to base an award. The Board reasoned that the situation was controlled by *Kelly v. J & J Corp.*, Del.Supr., 447 A.2d 427 (1982). As the Superior Court recognized, the Board's reluctant denial of attorney's fees was the result of an understandable misinterpretation of *Kelly*. In *Kelly* the Board ordered the termination of total disability payments because the employee had not shown that she had made reasonable efforts to secure employment in two and one-half years. Thus, the Board only terminated an earlier award for a compensable injury. The issue of fees in *Kelly* arose because the employer voluntarily agreed by stipulation that it was responsible for Ms. Kelly's transportation expenses to physical therapy notwithstanding the termination. Moreover, there was no reference to the medical transportation expenses in the Board's order terminating benefits. We affirmed the Superior Court's holding that the Board was correct in disallowing attorney's fees, because no "award", as that term is understood, had been made. The word "award" has been held to mean "compensation received as a result of a formal hearing and presentation before the Industrial Accident Board, and does not include compensation paid under a *voluntary agreement between employer and employee."* *Anderson v. Wheeler Construction*, Del.Super., 267 A.2d 616, 617 (1970) (emphasis added).

Here, no voluntary agreement was reached between Mrs. Drews and the State prior to the Board hearing. Over nine months after she was injured, and less than two weeks before the scheduled hearing, the employer offered for the first time to settle the case by paying full compensation. However, Mrs. Drews declined any settlement offer, so close to the hearing date, that did not include attorney's fees. The State's response, either for tactical reasons or otherwise, was that it would contest compensability of the injury at the subse-

quent hearing. Thus, the battle lines were clearly drawn.

But the bluff did not work. The State promptly conceded liability at the hearing. Under such circumstances this could hardly be a voluntary agreement between the parties. The sum conceded was different from that being sought by the claimant—compensation plus attorney's fees.

While the Board correctly found that "the claimant [was] entitled to receive total disability payments ...", and formally entered an award, it erred in not treating its action as an award for purposes of allowing attorney's fees under 19 *Del.C.* § 2127.

■ Our conclusion also is buttressed both by the Board's own rules, and strong public policy. Board Rule 24 makes clear that the issue of fees is before the Board whenever a settlement offer is communicated within 21 days of the hearing. The purposes of this rule are: (1) to encourage early settlement by employers before claimants' attorneys must engage in substantial pre-hearing preparation, and (2) to prevent abuses by claimants' attorneys, who do not accept valid settlement offers, and thereby force unnecessary Industrial Accident Board hearings. Here, Mrs. Drews' counsel reasonably informed the State that because the settlement offer was made so close to the hearing date [and well within the 21 days provided by Rule 24(D)] attorney's fees would be expected. In our view, an allowance of fees in this case is consistent with the rationale of that Rule.

Furthermore, an award of fees after a claimant is forced to a hearing is consistent with the public policy underlying our law. This Court has stated that the Workmen's Compensation Act was "passed for the benefit of the employee, and to relieve him from the expense and hazard attending a lawsuit". *Hill v. Moskin Stores, Inc.*, Del. Supr., 165 A.2d 447, 451 (1960). In those situations where an employee is forced to go to a hearing to recover for a compensable accident, our law recognizes that the employer should pay the expenses which are necessitated by that procedure. 19 *Del.C.* § 2127. *See also* 19 *Del.C.* § 2125 (Board may assess the costs of the claimant's witnesses against the unsuccessful employer). To permit an employer to deny compensability until the hearing, and thereby avoid attorney's fees, would not comport with the rationale of 19 *Del.C.* § 2127, the 21 day limit discussed in Rule 24(D), or the public policy behind the Workmen's Compensation Act.

Under these circumstances we must conclude that the Board erred in finding that the employer's belated concession of liability constituted an agreement between the parties, which foreclosed a grant of attorney's fees. Accordingly, the decision of the Superior Court, remanding the case to the Board for an allowance of fees, is

AFFIRMED.

