**BRANDYWINE SCHOOL DISTRICT, Employer Below, Appellant,**

v.

**Roberta HOSKINS, Employee Below, Appellee.**

Supreme Court of Delaware.

Submitted: Dec. 18, 1984.

Decided: April 29, 1985.

Colin M. Shalk of Tybout, Redfearn, Casarino & Pell, Wilmington, for appellant.

Oliver V. Suddard, Wilmington, for appellee.

Before McNEILLY, HORSEY and CHRISTIE, JJ.

CHRISTIE, Justice:

This is an appeal from a judgment of Superior Court, which reversed, in part, the decision of the Industrial Accident Board, because the Board had made an award to the claimant for a second accident which appeared to be inconsistent with the percentage of permanent disability attributed to the initial accident. This percentage was awarded pursuant to an agreement entered into by the parties, following the first accident. Thus, we must decide whether a settlement agreement which includes a statement as to the percent of disability arising from a first accident, creates a stipulation of facts which continues to bind the parties when the percentage of disability caused by a subsequent accident becomes an issue after that subsequent accident.

We hold that a stipulated settlement of a first industrial accident claim does not prevent or limit an independent (and possibly inconsistent) appraisal of claimant's medical condition and the causes of such condition, for purposes of determining an appropriate award for the second accident. We hold that an independent appraisal of claimant's condition and the causes of her condition after a second accident was proper under the circumstances present in this case. We, therefore, reverse the Superior Court and order that the decision of the Industrial Accident Board be reinstated.

Claimant, Roberta Hoskins, sustained two compensable industrial accidents while

in the employ of the Brandywine School District. After the first accident, which occurred in September 1979, Hoskins and the employer executed a settlement agreement whereby they agreed that, as of that time, Hoskins had suffered a 15% permanent partial disability to her back. She was compensated accordingly.

More than two years after the first accident, on January 25, 1982, claimant suffered a second industrial accident. The second accident again caused injury to her back, and it also injured her left leg. Claimant petitioned the Industrial Accident Board for an award of benefits for the permanent partial disabilities resulting from the second accident. The Board held a hearing on October 6, 1983.

Dr. Case, the only medical expert to appear before the Board, testified that Hoskins now has a 40% permanent disability in her back and a 15% permanent disability as to her left leg. Dr. Case also expressed the opinion that claimant's current condition was due to either the 1979 or the 1982 accident. In his earlier deposition Dr. Case had testified that in his opinion, of the 40% disability in her back, 25% was due to the 1979 accident and 15% was due to the 1982 accident. He went on to testify that as to the disability in her left leg, 10% was due to the 1979 accident and 5% to the 1982 accident.

In a decision dated October 6, 1983, the Board awarded Hoskins for the second accident compensation based on a 15% disability in her back and a 5% disability in her left leg, all in accord with the only medical testimony offered. The Board denied Hoskins' application: a) to have the medical witness fee of Dr. Case taxed as a cost to the employer, and b) to be reimbursed for her attorney's fees.

On claimant's appeal to the Superior Court, that court:

(1) Increased the basis for the award for the disability of the back from a 15% disability to a 25% disability on the basis that her current disability was 40% and by agreement of the parties (made prior to the second accident), it had been stipulated under 19 *Del.C.* § 2344 that she had suffered only a 15% disability in her back as a result of the first accident, and, therefore, the remaining 25% of her disability must be attributed to the second accident (even though the doctor's opinion was inconsistent with the ruling);

(2) Allowed to stand the award for a 5% disability in the left leg since the medical testimony supported only such an award *and* there had been no prior conflicting agreement between the parties as to that injury;

(3) Reversed the Board's denial of fees for claimant's medical witness even though the Board had found that the witness "added nothing to the case";

(4) Reversed the Board's denial of attorney's fees for claimant.

We will review each of these rulings of Superior Court.

## I

■ Claimant contends that the settlement agreement executed between the parties subsequent to the 1979 accident established the degree of her permanent disability, as of that time and for all time (unless the agreement is specifically modified by the Board under 19 *Del.C.* § 2347). She, therefore, argues that the Board could not later find, in effect, that Hoskins had sustained a 25% permanent disability in her back as a result of that accident, when the parties previously agreed it was a 15% disability. The employer, on the other hand, argues that the only issue before the Board was the degree to which her permanent disability had been increased by the 1982 accident, and that the uncontroverted testimony was that the 1982 accident caused her to sustain a 15% disability in the back and a 5% disability in the left leg. The employer maintains that Dr. Case's testimony, which suggests that Hoskins must have suffered a 25% permanency to the back as a result of the 1979 accident, mere-

ly amounted to a difference of opinion between Dr. Case and the doctor who, before the settlement agreement was executed, had previously estimated claimant's disability in 1979 to be 15%. In other words, the employer says that the new award must be based on the evidence introduced after the new accident, and that the new award need not be reconciled with the old agreement.

The settlement agreement relating to permanency resulting from the 1979 injury was approved by the Board under the provisions of 19 *Del.C.* § 2344 and, therefore, became "final and binding unless modified as provided in § 2347". An award or agreement can be modified by the Board if "the incapacity of the injured employee has subsequently terminated, increased, diminished or recurred". 19 *Del.C.* § 2347. Since none of the above grounds is asserted with respect to the 1979 injury and fraud is not asserted as to that agreement, it is clear that the Board was not free to alter the award made pursuant to the 1979 agreement. It did not do so. However, the scope of the agreement was limited to the disability then in question. It did not fix claimant's medical condition for all purposes or for all time.

The new award of the Board was consistent with the only medical evidence presented. However, the Board made no attempt to reconcile its current findings with the agreement the parties had previously executed concerning the amount of permanent disability claimant was believed to have suffered as a result of the first accident in 1979. The Board was aware of this problem and stated:

> The Board finds that the claimant has a permanent partial disability to her low back in the amount of 15% which has resulted from her January 25, 1982 industrial accident. *The Board notes that the petition in this case is for permanency due to that accident alone.* The Board finds the testimony of Dr. Case to be credible as it was the only medical testimony presented today. The Board notes that Dr. Case was called as a witness for the claimant. As such, the claimant is vouching for his credibility. Dr. Case testified that 15% of the permanent partial disability to the claimant's low back is as a result of the 1982 accident. Dr. Case merely speculated what the prior permanency was. The Board has no testimony as to what the prior permanency was other than the parties entered into an agreement that it was 15% to the low back. The Board notes that this agreement was signed by the claimant on November 24, 1980. It is entirely possible that her permanency from this first injury worsened before January of 1982. We do not know. What we do know is that the testimony of Dr. Case is clear and that 15% of her permanency is attributable to the 1982 industrial accident. The claimant cannot call him as a witness and then try to refute his testimony. His testimony is clear and uncontroverted. We find that this became permanent as of the date of the second examination of Dr. Case which was on August 18, 1983. We find that the claimant is entitled to payment for a 15% permanent partial disability .... (Emphasis added.)

We hold that the Board was correct when it limited the scope of the agreement arising from the 1979 accident to awards arising from that accident. We hold that the Superior Court erred when it ruled that a subsequent award for a subsequent accident must be such as to compensate a claimant for the total percentage of disability she was found to have after the second accident, subject only to an adjustment for whatever disability she had agreed to accept in connection with a prior accident. The employer for whom she worked at the time of the second accident is liable only for the disability claimant is shown to have suffered as a result of that second accident. Such employer is not liable for any disability claimant happens to have after the second accident even if it is not shown to be attributable to the second accident.

The importance of the Board's ruling on this point would be illustrated in a case where the claimant changed employers between a first and second accident. Surely, the second employer would not be expected to pay for disabilities, not attributed to the second accident, simply because the employee and a former employer had agreed to an inconsistent percentage of disability, as part of a binding settlement after the first accident and before the second accident had taken place.

## II

The Superior Court affirmed the award of the Board as to the permanent leg disability of 5% even though Dr. Case had testified that there was a 15% permanent disability in the leg (of this disability percentage, he attributed 5% to the 1982 accident and 10% to the 1979 accident). Thus, as to the leg injury, both the Board and the Superior Court recognized that the award must be limited to the disability attributable to the accident then under consideration, as shown by evidence in the record in respect to the second accident. There was, of course, no prior award and no prior agreement as to the leg injury.

There was no appeal to this Court with regard to the award for the leg injury, but we take note of that award, since it correctly applied the principle which should also have been applied to the back injury. The employer at the time of the second accident is not liable for disabilities not attributable to that accident, even though the injured party is left without compensation for a portion of her disability not specifically shown to have been caused by the second accident.

## III

The Board did not allow expert witness fees to the claimant to cover the cost of Dr. Case's testimony before the Board because

the Board was of the opinion that his first live testimony at the hearing "added nothing to the case" which was not already in the record by virtue of his deposition. In so holding the Board stated:

The Board notes the deposition of Jerry L. Case, M.D., was taken at the expense of the employer on October 3, 1983, 3 days prior to this hearing. The Board further notes that Dr. Case's testimony today took less than 5 minutes and did not deviate 1 word from his deposition. Dr. Case's live testimony added nothing to the deposition and merely caused additional expense to the parties. He was not needed for today's hearing. It is a matter of usual custom in an Industrial Accident Board case that when 1 party takes a deposition of a doctor that it is tacitly stipulated that that deposition shall be admissible in evidence in lieu of the live testimony of the doctor. This has been the custom for years and the Board assumes it will continue to be the custom. Again, the Board felt that live testimony of Dr. Case added nothing to the case of the claimant and that it could have been done by the deposition previously taken and paid for by the employer.

The Superior Court, however, noted that 19 *Del.C.* § 2322(e) "does not give the Board discretion to award or deny witness fees".[1] We are of the opinion that Superior Court was correct in its application of the statute as it applied in this case, but we do not go so far as to state that the Board has no authority to deny expert witness fees sought by successful claimants. Under the statute it is for the claimant, and not the Board, to decide whether or not to call a medical witness.

The mere fact that the testimony would have been admitted without the presence of the witness does not mean that claimant must forego fees for a medical

---

1. 19 *Del.C.* § 2322 states in pertinent part:
   (e) The fees of medical witnesses testifying at hearings before the Industrial Accident Board in behalf of an injured employee shall be taxed as a cost to the employer or his insurance carrier in the event the injured employee receives an award.

witness if he chooses to call such a witness. The live testimony may be deemed more persuasive than the deposition testimony and what is more important, the presence of a witness assures his availability if unexpected issues come up.

Under most circumstances, if a medical witness is called by the claimant, then the claimant is entitled to medical witness fees provided that the claimant is successful and obtains an award, 19 *Del.C.* § 2322(e). Nothing said in this ruling, however, would prevent the Board from disallowing medical witness fees if an unreasonable number of medical witnesses are called and their testimony is unreasonably cumulative or redundant because of the testimony of other medical witnesses.

## IV

██ Finally, the Board denied claimant's application for attorney fees on the theory that at the time of the hearing there was no controversy which would form the basis for an award of attorney's fees under 19 *Del.C.* § 2127(a).[2] *See Kelly v. J & J Corp.*, Del.Supr. 447 A.2d 427 (1982). It appears that the award was no greater than the amount which had been offered to claimant before the hearing, but that offer was made within 21 days prior to the hearing date.

The Superior Court reversed the Board on this point and ruled that claimant had received an award within the meaning of 19 *Del.C.* § 2127(a).

We affirm the Superior Court on this point. While it is true that the claimant got no more than she could have gotten without a hearing, nevertheless the claimant sought more, and the amount of the award was in bona fide dispute at the hearing. Under the circumstances, an award within the meaning of § 2127(a) was made. The statute is clear on this point. The holding in the *Kelly* case is not inconsistent with the ruling here made. *State v. Drews*, Del.Supr., 491 A.2d 1136 (1985). In the *Kelly* case this Court ruled that there was no "award" by the Board when there was merely a voluntary agreement between the parties which dealt with transportation expenses.

Furthermore, as previously noted, it is also apparent that no binding offer of settlement had been made 21 days before the hearing so as to bring the case within the provisions of Board Rule 24(D)[3] which authorizes the Board to limit attorneys' fees where a timely settlement offer was as large as the ultimate award.

\*     \*     \*

The Superior Court is reversed as to its ruling on the amount of the award for the back injury, and the Board's ruling is reinstated. Superior Court is affirmed as to its rulings on medical witness fees and attorney's fees. The case is remanded to Superior Court for further remand to the Industrial Accident Board for additional proceedings consistent with rulings contained herein.

---

2. 19 *Del.C.* § 2127. *Attorney's fee.*
   (a) A reasonable attorney's fee in an amount not to exceed 30% of the award or $2,250, whichever is smaller, shall be allowed by the Board to any employee awarded compensation under this chapter and Chapter 23 of this title and taxed as costs against a party.

3. Rule No. 24 states in pertinent part:
   (D) When an offer of settlement is made by an employer or its insurance carrier and such offer is at least equal to the award ordered by the Board, and said offer has been communicated to the employee's attorney in writing at any time more than 21 days prior to the hearing before the Board, the Board shall consider such facts in its determination of reasonableness of the attorney's fees.