SEAFORD FEED COMPANY, INC., Employer–Appellant Below, Appellant,

v.

Lester C. MOORE, Employee–Appellee Below, Appellee,

and

Joyce Wright & Calvin Boggs, Constituting the Industrial Accident Board of the State of Delaware, Appellees Below, Appellees.

Supreme Court of Delaware.

Submitted: Dec. 17, 1987.
Decided: Jan. 27, 1988.
Rehearing Denied Feb. 24, 1988.

J.R. Julian, of J.R. Julian, P.A., Wilmington, for employer-appellant.

John J. Schmittinger, and Steven S. Stirparo, of Schmittinger and Rodriguez, P.A., Dover, for employee-appellee.

Before CHRISTIE, C.J., MOORE, and HOLLAND, JJ.

CHRISTIE, Chief Justice:

Appellant, Seaford Feed Company, Inc. (Employer) appeals the decision of the Superior Court affirming the Industrial Accident Board (Board) which awarded appellee, Lester C. Moore, (Employee) attorney's fees in the amount of $600.

The facts in this case are not disputed. The employee suffered a compensable, work-related injury in 1983. The employer has since paid to the employee benefits for total disability and permanent impairment. In May, 1984, the employee requested that the employer pay the cost of a two-year data processing program offered by a local community college. The State of Delaware's Division of Vocational Rehabilitation had recommended that the employee participate in this program to obtain the necessary training for a sedentary job as he was not able to return to his previous occupation because of his permanent injuries. The employer did not give the employee a definitive answer as to whether the employer would voluntarily pay for the training.

In October, 1984, the employee filed a "Petition for a Rule to Show Cause" seeking to require the employer's funding of the program. The employer filed a "Motion to Dismiss" the petition on the ground that the form of the employee's petition was improper. The Board scheduled a hearing for January 11, 1985, to hear and decide the Motion to Dismiss.

The employee amended his petition on November 29, 1984, and the Board then decided to hear and decide the merits of his request for vocational rehabilitation training at the hearing to be held on January 11, 1985. On January 2, 1985, nine days before the day on which the hearing was to be held, the employer offered to pay for the training but refused to honor the employee's request for payment of attorney's fees. Because of this refusal, the employee declined to accept the employer's offer and no agreement was reached.

On January 11, 1985, the hearing scheduled for that day was rescheduled to January 28, 1985 due to inclement weather. After the hearing on January 28th, the Board ordered the employer to pay the cost of the training program and the employee's reasonable attorney's fees in the amount of $600.

The employer appealed the Board's decision as to the attorney's fees only and the Superior Court affirmed the Board's decision. The employer then appealed to this Court contending that Superior Court abused its discretion and committed legal error when it affirmed the Board's award of attorney's fees.

The Board is authorized and instructed to award attorney's fees under the provisions of 19 *Del.C.* § 2127(a) which provides that:

A reasonable attorney's fee in an amount not to exceed 30% of the award or $2,250, whichever is smaller, shall be allowed by the Board to any employee awarded compensation under this Chapter and Chapter 23 of this title and taxed as costs against a party.

If the Board awards compensation to an employee, it must then set a reasonable

attorney's fee for the employee's attorney. Industrial Accident Board Rule 24(D) instructs the Board to consider several factors in making the determination including whether:

> ... [A]n offer of settlement is made by an employer or its insurance carrier and such offer is at least equal to the award ordered by the Board, and said offer has been communicated to the employee's attorney in writing at any time *more than 21 days prior to the hearing* before the Board ... (Emphasis added)

■ Rule 24(D) contemplates that if an offer is made by the employer within the twenty-one-day time frame, the employee's attorney may have already expended considerable time and effort in preparation of the case. Therefore, as this Court indicated in *State v. Drews,* Del.Supr., 491 A.2d 1136, 1139 (1985), when a settlement offer is made close to the hearing date and well within the twenty-one days provided by Rule 24(D), the employee and employer may expect that an award of attorney's fees will be ordered by the Board.

The purposes of Rule 24(D) were outlined in the *Drews* case, *Id.,* as follows:

(1) to encourage early settlement by employers before claimants' attorneys must engage in substantial pre-hearing preparation, and

(2) to prevent abuses by claimants' attorneys who do not accept valid settlement offers, and thereby force unnecessary Industrial Accident Board hearings.

In the *Drews* case, the employer made a reasonable offer to compensate the employee but refused the employee's request for attorney's fees. Since the offer was made by the employer well within the twenty-one-day time frame of Rule 24(D), the employee could expect the Board to award reasonable attorney's fees if the Board ordered compensation following the hearing. Because the employer refused to voluntarily pay attorney's fees, the employee rejected the offer and a hearing was held before the Board. The Board ordered that compensation but not attorney's fees be paid to the employee by the employer. On appeal

the Superior Court ruled that attorney's fees should have been allowed. This Court, on further appeal, held that an allowance of attorney's fees was consistent with the rationale of Rule 24(D) and, therefore, affirmed the decision of the Superior Court, remanding the case to the Board for an allowance of fees. *Id.*

■ The factual circumstances of the present case are very similar to those found in *Drews, Id.* The employee in this case rejected an offer made by the employer only nine days before the hearing was to take place because it did not include an agreement for attorney's fees. The employee presented his case to the Board at the hearing and the Board awarded the requested compensation and reasonable fees. Based on the rationale and holding of the *Drews* case, the Superior Court did not err or abuse its discretion in affirming the Board's decision. We, therefore, affirm the decision of the Superior Court.

The employer argues that its offer was made not nine days but rather twenty-six days prior to the hearing. Since the hearing scheduled for January 11, 1985 was rescheduled to January 28, 1985, the employer contends that it was in compliance with the twenty-one-day requirement set forth in Rule 24(D) and the Board was not free to award attorney's fees. This argument is without merit as it ignores the public policy of the Workmen's Compensation Act. This Act was "passed for the benefit of the employee, and to relieve him from the expense and hazard attending a lawsuit." *Id.* (quoting *Hill v. Moskin Stores, Inc.,* 53 Del. 117, 165 A.2d 447, 451 (1960)). In this case, it is obvious that the employee's attorney had to be prepared for the hearing as scheduled for January 11th well in advance of that date since the hearing was not postponed until that very day.

■ The employer failed, for more than seven months, to respond to the employee's request for payment of vocational rehabilitation training. Then just nine days before the scheduled hearing date of January 11, 1985, the employer agreed to fund the program. The employer now seeks to avoid

the constraints of Rule 24(D) because of the fortuitous last minute rescheduling of the hearing. To allow an employer to avoid attorney's fees on this basis would be contrary to the rationale and public policy of Industrial Accident Board Rule 24(D) and the Workmen's Compensation Act. *Drews, Id.* at 1139. We hold, therefore, that when the hearing is rescheduled within twenty-one days of the scheduled hearing date due to unforeseen circumstances and not through any request or fault of the parties, the constraints of Rule 24(D) refer to the twenty-one-day time period prior to the scheduled date of the hearing, and the later date when the hearing actually takes place is not relevant.

We rule that the Superior Court did not abuse its discretion or err in affirming the Board's award of reasonable attorney's fees. AFFIRMED.