Ernest JOSEPH, Claimant Below, Appellant,

v.

C.C. OLIPHANT, Employer Below, Appellee,

and

Industrial Accident Board, Intervenor.

No. 258, 1995.

Supreme Court of Delaware.

Submitted: Jan. 3, 1996.
Decided: Feb. 1, 1996.

---

John J. Schmittinger of Schmittinger & Rodriguez, P.A., Dover, for Appellant.

Natalie S. Wolf (argued), and Cassandra F. Kaminski of Young, Conaway, Stargatt & Taylor, Wilmington, for Appellee.

Sherry V. Hoffman, Deputy Attorney General, Department of Justice, Wilmington, for Intervenor, Industrial Accident Board.

Before VEASEY, C.J., WALSH and BERGER, JJ.

VEASEY, Chief Justice:

Two questions of law have been certified by the Superior Court and were accepted by this Court for decision pursuant to Article IV, Section 11(9), of the Delaware Constitution and Supreme Court Rule 41. We have now determined, in light of information which has come to the Court's attention after accepting certification, that we should decline to answer the certified questions and that this proceeding should be dismissed.

## I.  THE PROCEDURAL HISTORY

The certified questions are as follows:

(a) Are Sections 2126 and 2127 of Title 19 of the *Delaware Code* unconstitutional because they violate the "fundamental constitutional principle" that the Delaware Supreme Court has sole and exclusive responsibility over all matters affecting [governance] of the Bar, by granting the Industrial Accident Board and/or the General Assembly control over such fees, and by creating a potential conflict of interest for claimants' attorneys? *In re Appeal of Infotechnology, Inc.,* Del.Supr., 582 A.2d 215, 220 (1990).

(b) If the preceding question is answered in the negative, should Section 2126 of Title 19 of the *Delaware Code* be construed to require the Industrial Accident Board, in approving fees charged by attorneys, to avoid arbitrary, unreasonable and capricious decisions, and to take into account the factors set forth in *General Motors Corporation v. Cox,* Del.Supr., 304 A.2d 55 (1973)? *Huff v. Indus. Accident Bd.,* Del.Super., 430 A.2d 796, 799 (1981).

We accepted certification on July 7, 1995. *Joseph v. Oliphant,* Del.Supr., No. 258, 1995, Veasey, C.J. (July 7, 1995) (ORDER).

The Industrial Accident Board (the "Board") moved to intervene in this proceeding seeking to raise an additional question not argued by the appellee or appellant, which question it believed was necessary to a proper decision on the certified questions. We granted the motion to intervene. *Joseph v. Oliphant,* Del.Supr., No. 258, 1995, Walsh, J. (July 28, 1995) (ORDER). Specifically, the Board sought to argue that a commutation agreement presented to the Board is an award pursuant to 19 *Del.C.* § 2127.[1] The entire matter was then fully briefed and argued before this Court.

## II.  REASONS FOR DISMISSAL OF CERTIFIED QUESTIONS

In light of events of which this Court was unaware when it accepted the certified questions, we dismiss the certified questions as improvidently granted. When the Court accepted the certified questions, we were not aware that the Governor had signed into law,

---

1. A commutation is "the conversion of the right to receive a variable or periodical payment into the right to receive a fixed or gross payment." Black's Law Dictionary at 281 (6th ed. 1990). In this case, the parties presented a commutation agreement to the Board for approval whereby the employee would accept a lump sum in lieu of future periodic payments.

on July 6, 1995, Senate Bill 212, 70 *Del.Laws* c. 129, which amended the statute at issue in this proceeding. Thus, answers to the certified questions will probably apply only to the now rare facts of the case *sub judice*. Therefore, "important and urgent reasons" no longer justify consideration of the certified questions. Supr.Ct.R. 41(a)(i). Accordingly, we decline to reach the issues raised by the certified questions.

Prior to the amendment, effected by Senate Bill 212, Section 2126 of Title 19 provided that fees of attorneys for services under the Workers' Compensation Law, 19 *Del.C.* § 2101 *et seq.*, "shall be subject to the approval of the Board." 19 *Del.C.* § 2126 (1985). Section 2127 had required the Board to allow, as attorney fees, an amount not to exceed $2,250 and prohibited an attorney from charging the client more than the amount allowed by the Board against the employer.[2]

Senate Bill 212 amended Section 2126 to remove any reference to attorneys, and the section now applies only to physicians. 19 *Del.C.* § 2126 (1995). Section 2127(b) now provides that the amount to be taxed as costs in Section 2127(a) will not be awarded to the claimant if a settlement offer is rejected when that settlement offer is equal to or greater than the amount awarded after a hearing.[3]

Senate Bill 212 is not before this Court, and we decline to consider its constitutionality. We note from the synopsis of the Bill that it was introduced out of concern for this Court's "sole and exclusive responsibility over all matters affecting governance of the bar," as expressed in *Simmons v. Delaware State Hosp.*, Del.Supr., 660 A.2d 384, 391 n. 4 (1995).[4]

Rule 1.5 of the Delaware Lawyers' Rules of Professional Conduct, the enforcement of which is within the exclusive jurisdiction of this Court, regulates the fees which a lawyer may charge a client. The Rule provides in relevant part:

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

---

2. Section 2127 stated as follows, prior to the amendment:

(a) A reasonable attorney's fee in an amount not to exceed 30% of the award or $2,250, whichever is smaller, shall be allowed by the Board to any employee awarded compensation under this chapter and Chapter 23 of this Title and taxed as costs against a party.

(b) No compensation, other than the fee provided by subsection (a) of this section, may be received by an attorney for services before the Board; provided, however, that this limitation shall not apply to any fee for services rendered by an attorney on appeal from an award or a denial of an award by the Board.

19 *Del.C.* § 2127 (1985).

3. Section 2127(b) now provides in relevant part:

In the event an offer to settle an issue pending before the Industrial Accident Board is communicated to the claimant or the claimant's attorney in writing at least 30 days prior to the trial date established by the Board on such issue, and the offer thus communicated is equal to or greater than the amount ultimately awarded by the Board at the trial on that issue, the provisions of subsection (a) of this Section shall have no application.

19 *Del.C.* § 2127(b) (1995).

4. The synopsis to Senate Bill 212 states, in part:

In *Simmons v. Delaware State Hospital* ... the Supreme Court ruled that § 2127 might be unconstitutional because of the attempt in subsection (b) to regulate the conduct of attorneys, which has traditionally been the sole province of the Supreme Court of the State of Delaware. This bill cures that constitutional problem by eliminating any conflict of interest. It also encourages claimants to settle cases rather than insisting on a trial when a fair settlement offer has been made.

(7) the experience, reputation, and ability of the lawyers performing the service; and

(8) whether the fee is fixed or contingent.

If a lawyer complies with Rule 1.5, the lawyer has met his or her professional obligation to the client with respect to fees. In the case of a failure to comply, only this Court has power to discipline lawyers for violations of The Delaware Lawyers' Rules of Professional Conduct.[5] *In re Appeal of Infotechnology, Inc.*, Del.Supr., 582 A.2d 215 (1990).

## III. CONCLUSION

■ The sole issue presented by the two certified questions and the argument of the intervenor turn on a statute which has been repealed. While that repealed statute may relate to this case[6] and only this case, it will not apply to future cases. Hence, its impact is insubstantial as far as our jurisprudence is concerned, although it is, no doubt, important to the litigants in this case. Had we known of the limited application of the statute when presented with the certified questions, we would have refused the certification. Accordingly, it is now appropriate that the certified questions be **DISMISSED** as improvidently granted.

---

5. The Board's attempt to argue that commutation agreements constitute awards under the predecessor statute contradicts the common understanding of "award" and would permit the Board to regulate directly the relationship between an attorney and the client in a situation where the litigant is not properly before the Board. Since the statute has been amended, we do not address this issue. We note, however, that insofar as a statute purports to tax as costs against a party some amount designated as the attorney fees of the other, such a statute does not interfere with the attorney-client relationship.

6. We express no opinion on the retrospective application of Senate Bill 212 to this or any other proceeding. *See generally Hubbard v. Hibbard Brown & Co.*, Del.Supr., 633 A.2d 345, 354 (1993).