CHRISTIANA HILTON, Employer Below, Appellant,

v.

Nilma MARTINEZ, Claimant Below, Appellee.

No. 244, 1999.

Supreme Court of Delaware.

Submitted: Dec. 14, 1999.

Decided: Feb. 4, 2000.

R. Stokes Nolte, Nolte & Brodoway, P.A., Wilmington, Delaware, for appellant.

Joseph W. Weik, Weik, Nitsche & Dougherty, Wilmington, Delaware, for appellee.

Before WALSH, HOLLAND and BERGER, Justices.

HOLLAND, Justice:

The claimant-appellee, Nilma Martinez, sustained a compensable injury while working for the employer-appellant, Christiana Hilton. Christiana Hilton has appealed from a final judgment of the Superior Court that ordered it to pay the fee of Martinez's medical expert witness. We have concluded that the judgment of the Superior Court should be affirmed.

### Facts

It is undisputed that Martinez was injured in a compensable industrial accident on July 24, 1995. While at work, she slipped and fell down three stairs at the Christiana Hilton. Martinez was treated for neck and low back injuries by a physiatrist and by a chiropractor, Dr. S. Scott Cohen. The parties entered into agreements as to compensation for periods of temporary total disability, partial disability, and permanent partial impairment.

Martinez eventually returned to work at the Christiana Hilton. She sought further medical treatment from Dr. Cohen, however, for flare-ups in her pain. There was a dispute as to whether the additional chiropractic treatments by Dr. Cohen were reasonable and necessary. Christiana Hilton refused Martinez's requests for payment.

Martinez filed a Petition for Additional Compensation Due, seeking to have the Industrial Accident Board order payment of Dr. Cohen's bills. A hearing on that petition was held before the Industrial Accident Board on August 5, 1998. Prior to the hearing, Dr. Cohen was made a party

to the proceedings pursuant to 19 *Del.C.* § 2346. Dr. Cohen appeared at the hearing and testified as an expert witness on behalf of Martinez. The Christiana Hilton introduced the deposition testimony of its medical expert witness, Dr. John T. Townsend.

At the conclusion of the August 5, 1998 hearing, the Industrial Accident Board granted Martinez's Petition to Determine Additional Compensation Due. It found that Martinez's treatment was compensable and that the services rendered by Dr. Cohen were reasonable and necessary. The Board ordered Christiana Hilton to pay the full amount of Dr. Cohen's unpaid bills. The Board also awarded Martinez an attorney's fee.

Nevertheless, the Board declined to award Martinez an expert witness fee under 19 *Del.C.* § 2322(e) for Dr. Cohen's appearance at the August 5th hearing. The Board stated that because Dr. Cohen was a party to the action "and had as much at stake in having his fees approved as the Claimant .... that an award of a medical witness fee is not appropriate." The Superior Court reversed the Board's decision not to award an expert witness fee to Martinez for Dr. Cohen's appearance on her behalf at the hearing.

### Award Requires Expert Fees

This is a case of first impression. This Court must construe the application of 19 *Del.C.* § 2322(e) with the subsequently enacted provisions of 19 *Del.C.* § 2346. 19 *Del.C.* § 2322(e) states:

> The fees of medical witnesses testifying at hearings before the Industrial Accident Board in behalf of an injured employee shall be taxed as a cost to the employer or the employer's insurance carrier in the event the injured employee receives an award.

On January 1, 1997, the provisions of 19 *Del.C.* § 2346 went into effect. That statute reads as follows:

If any person charged with the payment of medical and other services and the provider to whom said payment is due fail to reach an agreement in regard to such charges, any interested party may notify the Department of the facts. The Department shall thereupon notice the time and place of hearing sent by certified mail to all parties in interest. The Board shall hear and determine the matter. No party to the proceedings shall have any liability for the payment of charges in excess of the amount deemed reasonable and necessary; provided, that the provider is subject to the jurisdiction of the Board and made a party to the proceedings. As provided in § 2320(d) of this title, the Board may, in any case, appoint a disinterested and duly-qualified physician to make any necessary medical examination of the employee and testify in respect thereto.

Prior to the enactment of 19 *Del.C.* § 2346, a claimant requesting an award for unpaid medical expenses filed a claim against the employer or the employer's insurance carrier. The claimant then retained a physician or other expert who appeared before the Industrial Accident Board to testify as a witness for the claimant regarding whether the medical treatment in dispute was reasonable and necessary. If the claimant was successful in receiving an award, the employer was required to pay the claimant's expert witness fee pursuant to 19 *Del.C.* § 2322(e). If the claimant was unsuccessful in obtaining an award against the employer, the health care provider could file a direct legal action against the claimant requesting payment of the outstanding medical expenses.

The purpose of 19 *Del.C.* § 2346 is to relieve an injured employee from paying for medical expenses that the Industrial Accident Board determines were either unreasonable or unnecessary. That relief is only available, however, if the health provider is made a party to the action. The General Assembly's interest in protecting injured employees from paying for

unreasonable or unnecessary medical expenses, by enacting Section 2346, is independent of the interest already protected in Section 2322(e) by having an employer pay an expert witness fee when an injured employee receives an award after a Board hearing.

This Court has previously recognized the statutory right of a claimant to petition for and receive a medical witness fee when the claimant is successful after a hearing and obtains an award from the Industrial Accident Board.* In this case, the award being sought by Martinez from the Board was for payment of her unpaid medical bills. Although Dr. Cohen was made a "party" to the Section 2346 proceeding, the hearing before the Board involved Martinez's Petition to Determine Additional Compensation Due from Christiana Hilton or its insurance carrier.

Martinez received an award when the Industrial Accident Board ordered Dr. Cohen's bills to be paid by Christiana Hilton. The fact that Dr. Cohen had an interest in the outcome of the hearing did not change the historic role of his appearance before the Board as an expert witness in support of Martinez's successful petition. The express language of 19 *Del.C.* § 2322(e) provides for the taxing of medical witness fees after a hearing before the Board "as a cost to the employer or the employer's insurance carrier in the event the injured employee receives an award."

### Conclusion

The final judgment of the Superior Court is affirmed.

---

* *Brandywine School District v. Hoskins,* Del.    Supr., 492 A.2d 1247 (1985).