Janet L.H. SIMMONS, Plaintiff
Below, Appellant,

v.

DELAWARE STATE HOSPITAL,
Defendant Below, Appellee.

No. 288, 1994.

Supreme Court of Delaware.

Submitted: April 18, 1995.
Decided: May 23, 1995.
Revised: June 9, 1995.
Reargument Denied: June 9, 1995.

385

Harvey B. Rubenstein (argued), Wilmington, for appellant.

Nancy E. Chrissinger (argued), and John J. Klusman, Jr. of Tybout, Redfearn & Pell, Wilmington, for appellee.

William R. Peltz and Edward B. Carter, Jr. of Kimmel, Carter & Roman, Phillip E.

Herrmann of Ament, Lynch & Carr and Christopher J. Curtin of Sawyer & Akin, Wilmington, on behalf of amicus curiae, Delaware Trial Lawyers' Ass'n.

David Curtis Glebe and Matthew F. Boyer, Office of Disciplinary Counsel, Wilmington, on behalf of amicus curiae, Office of Disciplinary Counsel.

Sherry V. Hoffman, Dept. of Justice, Wilmington, on behalf of amicus curiae, Dept. of Labor.

Cassandra Faline Kaminski and Natalie S. Wolf of Young, Conaway, Stargatt & Taylor, Wilmington, on behalf of amici curiae, employers and their insurance carriers.

Before VEASEY, Chief Justice, WALSH, HOLLAND, HARTNETT, and BERGER, Justices (constituting the Court en Banc).

## ORDER

This ninth day of June, 1995, the Court has considered the appellant's motion for reargument.

1) The appellant has filed a motion for reargument and contends, *inter alia,* that it is not always possible to explain to a client the "break even" point of a settlement offer versus an award following a board hearing. The appellant also contends that attorneys who represent claimants in workmen compensation cases are required to adhere to the Delaware Lawyers' Rules of Professional Conduct and that a separate standard of professional conduct should not implicitly or explicitly be imposed upon those attorneys.

2) The Court has concluded that two sentences that appeared in the original draft opinion should be modified to read as follows:

3) The Court has concluded that with the exception of the foregoing language in the opinion, regarding the explanation of settlement offers to a client, the motion for reargument is without merit.

4) The opinion as modified is attached hereto and shall supersede the opinion originally dated May 23, 1995.

NOW, **THEREFORE, IT IS HEREBY ORDERED** that in all other respects the motion for reargument is **DENIED**.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT, and BERGER, JJ. (constituting the Court en Banc).

HOLLAND, Justice:

On March 8, 1990, the claimant, Janet L.H. Simmons ("Simmons"), suffered an injury while working as an employee of the Delaware State Hospital ("Hospital"). Simmons began receiving total disability benefits until March 28, 1992, when the Hospital filed a petition with the Industrial Accident Board ("Board") to terminate payments. Simmons contested the petition and sought additional compensation, including permanent impairment benefits for injury to her neck and the payment of certain medical expenses.

After hearing both petitions, the Board granted the Hospital's petition to terminate payments of total disability benefits, but awarded Simmons partial disability benefits of $109.62 per week. The Board granted Simmons' request for payment of medical expenses and also awarded her permanent impairment benefits based on its finding that she had suffered a 5% permanent injury to her neck. Lastly, the Board granted Simmons two attorney's fee awards, each in the maximum statutory amount, for her representation on the partial disability and medical expense claims. The Board declined to grant Simmons a third attorney's fee award for her representation on the permanent impairment claim.

Simmons appealed to the Superior Court from the termination of her total disability benefits, the award of benefits based on the Board's finding that she had suffered only a 5% permanent injury to her neck, and the Board's failure to award her attorney's fees for her permanent neck impairment claim. The Hospital filed a motion to affirm the Board's decision.[1] The Superior Court granted the Hospital's motion and this appeal followed.

In this appeal, Simmons raises three contentions: first, that the Board erred in its decisions regarding the disability and permanent impairment claims; second, that the Board erred in rejecting her medical expert's opinion regarding the extent of her permanent impairment; and third, that the Board erred in refusing to grant her an attorney's fee award with regard to her permanent impairment claim.

This Court has concluded that Simmons' first two contentions are without merit. The Board did err, however, by not granting any attorney's fee award with regard to her permanent impairment claim, since some form of award is mandated by statute. 19 *Del.C.* § 2127. Therefore, the judgment of the Superior Court is affirmed in part and reversed in part.

## FACTS

Simmons was an activity aide at the Delaware State Hospital for thirteen years. On March 8, 1990, a male patient, wearing a cast on his arm, struck her three times on the left side of her neck and the back of her head. Simmons was injured and began receiving total disability benefits.

On July 8, 1993, the Board conducted a hearing in response to the Hospital's petition to terminate benefits. Dr. Andrew J. Gelman ("Dr. Gelman") testified for the Hospital in support of its termination petition. Dr.

---

1. Superior Court Civil Rule 72.1 provides for expedited dispositions in appeals on the record. Section (b) of that rule states, in part:

   (b) **Motion to Affirm.** Within 10 days after receipt of appellant's opening brief, appellee may, in lieu of a brief, serve and file a motion to affirm the order, award, determination, or decree or part thereof appealed from. The filing of the motion tolls the time for filing of appellee's brief. The sole ground for such motion shall be that it is manifest on the face of appellant's brief that the appeal is without merit because:

   (1) The issue on appeal is clearly controlled by settled Delaware law;

   (2) The issue on appeal from a court is factual, and clearly there is sufficient evidence to support the jury verdict or findings of fact below;

   (3) The issue on appeal from a commission or board is factual, and clearly there is substantial evidence to support the findings of fact below; or

   (4) The issue on appeal is one of judicial or administrative discretion, and clearly there was no abuse of discretion.

Gelman testified that he examined Simmons on September 28, 1990, and again on May 7, 1993. Based on both visits and his review of Simmons' medical records, Dr. Gelman concluded that Simmons was capable of returning to her job at the Hospital.

With regard to Simmons' claim for permanent impairment benefits, Dr. Gelman testified that Simmons had a 5% permanent injury to her neck. Dr. Gelman stated that he rated Simmons' permanent neck injury at 5% by using the American Medical Association Guide. Dr. Gelman indicated that no restrictions were necessary with regard to Simmons' ability to return to work at the Hospital as an activity aide.

Dr. Richard A. Kahlbaugh ("Dr. Kahlbaugh"), Simmons' treating physician, testified on behalf of Simmons. Dr. Kahlbaugh testified that he had released Simmons to return to light-duty work as of approximately April 1992. In Dr. Kahlbaugh's opinion, Simmons had suffered a 25% to 30% permanent impairment to her neck. He testified that his permanency assessment was based upon the "element of pain that she has. And, also the fact that certain movements, doing certain things, aggravate the muscle spasm and create more pain." Dr. Kahlbaugh did not use any particular guide in assessing the extent of the permanent impairment to Simmons' neck.

Simmons and her husband testified at the Board hearing. Simmons testified that Dr. Gelman did not conduct a physical examination of her on May 7, 1993. Instead, he had briefly told her that she would have to "live with" her pain before escorting her out the door. Simmons contends that her husband's testimony confirms her version of the events. Her husband testified that the May 7 office visit was brief, perhaps ten minutes. Simmons also contends that her testimony was confirmed by Dr. Kahlbaugh, who reviewed Dr. Gelman's hand-written notes and said that the notes, dated May 7, 1993, did not indicate that Dr. Gelman had conducted a

physical examination of Simmons on that date.

The Board granted the Hospital's termination petition. The Board accepted Dr. Gelman's testimony, rather than Dr. Kahlbaugh's testimony, and attributed a 5% permanent impairment to Simmons' neck. The Board awarded Simmons partial disability benefits at the rate of $109.62 per week.

The Board also directed the Hospital to pay two attorney's fees to Simmons, in the maximum statutory amount, based upon its awards to Simmons for partial disability and for her unpaid medical bills. The Board declined to award any attorney's fees to Simmons, however, for the permanent impairment claim. Prior to the hearing, the Hospital had offered to settle that claim for 5% permanent impairment, in accordance with Dr. Gelman's report. In denying an award of attorney's fees for representation regarding the permanent impairment claim, the Board relied upon the provisions of Board Rule 24(D).[2]

## TOTAL DISABILITY
## EVIDENCE SUPPORTS DENIAL

The first issue Simmons raises is that the Board erred by not resolving a conflict in the testimony. Dr. Gelman testified regarding the physical examination that he performed on May 7, 1993. Simmons testified that Dr. Gelman did not perform a physical examination of her on that date.

Dr. Gelman testified that his examination of Simmons began the moment he saw her. According to Dr. Gelman, his examination included observing Simmons' actions. Those actions included the manner in which Simmons walked into the examining room and her movements within the examining room itself.

Simmons contends that Dr. Gelman met her in the examining room. There, he told her that she would have to "get a life and deal with the pain." According to Simmons,

2. Board Rule 24(D) states:
   When an offer of settlement is made by an employer or its insurance carrier and such offer is at least equal to the award ordered by the Board, and said offer has been communi- cated to the employee's attorney in writing at any time more than 21 days prior to the hearing before the Board, the Board shall consider such facts in its determination of reasonableness of the attorney's fees.

Dr. Gelman indicated that he had already reviewed her x-rays, which were on the viewing screen. He then escorted her out to the reception area.

■ The record reflects that the Board dealt with this conflict in testimony summarily. The function of reconciling inconsistent testimony or determining credibility is exclusively reserved for the Board. *Breeding v. Contractors–One–Inc.,* Del.Supr., 549 A.2d 1102, 1106 (1988). The Board's decision may not be disturbed by a reviewing court absent an abuse of discretion. *Id.*

■ Although Simmons alleges that the issue of total disability rested upon the factual conflict between the testimony of Simmons and Dr. Gelman, the Board appears to have based its decision upon the testimony of Simmons' own treating physician. Dr. Kahlbaugh testified that he would have released Simmons to work in April of 1992, if a job were available where she was not at risk of confrontation. The record does not reflect an abuse of discretion with respect to the Board's assessment of any credibility dispute.

### PERMANENT DISABILITY
### BOARD ASSESSED EXPERTS

■ The second issue Simmons raises concerns the Board's award for permanent neck impairment of only 5%. Dr. Gelman testified that Simmons had "less than 5% permanent impairment to the neck in accordance with the AMA Guide." Dr. Kahlbaugh testified that Simmons had a 25–30% permanent impairment to her neck. Dr. Kahlbaugh admitted that he did not use any specific guide in reaching his permanent impairment rating. Dr. Kahlbaugh testified as follows:

> My estimate is probably 25–30%, as I've previously stated. And this is based on the element of pain that she has. And also the fact that certain movements, doing certain things, aggravate the muscle spasm and create more pain.

The Board indicated that it "did not find the testimony of Dr. Kahlbaugh persuasive because he did not rely on any guides." Simmons argues that the Board's decision is contrary to the decision in *Wilmington Fibre*

*Specialty Co. v. Rynders,* Del.Super., 316 A.2d 229 (1974), *aff'd,* Del.Supr., 336 A.2d 580 (1975). Simmons' reliance upon the *Rynders* case is misplaced.

The *Rynders* case does not stand for the proposition that testimony based upon the AMA Guide should not be accepted as credible. In *Rynders,* the Superior Court held that permanent impairment must be determined based upon "the ability of the employee to use the member or part, and conversely, the loss of use represents that degree of normal use which is beyond the ability or capability of the employee." *Wilmington Fibre Specialty Co. v. Rynders,* 316 A.2d at 231. This Court affirmed the decision of the Superior Court in *Rynders,* holding that, since the proper focus is the "employee's actual capability," the Board *may* properly rely on a medical expert's testimonial assessment of the claimant's pain without regard to a statistical chart. *Wilmington Fibre Specialty Co. v. Rynders,* 336 A.2d at 580. This Court's decision in *Rynders* does not support Simmons' contention that the Board *must* rely on such testimony.

■ The Board did not err in accepting Dr. Gelman's testimony and rejecting Dr. Kahlbaugh's testimony regarding the extent of permanent impairment to Simmons' neck. It is entirely proper and appropriate for the Board to accept the medical testimony of one expert witness over that of another. *General Motors Corp. v. Veasey,* Del.Supr., 371 A.2d 1074 (1977), *overruled on other grounds by Duvall v. Charles Connell Roofing,* Del. Supr., 564 A.2d 1132 (1989). *Accord DiSabatino Bros., Inc. v. Wortman,* Del.Supr., 453 A.2d 102 (1982). Simmons' challenge on this issue is without merit.

### ATTORNEY'S FEE
### MANDATED BY STATUTE
### BOARD RULE 24(D) A VALID FACTOR

Simmons' final contention is that the Board erred, as a matter of Delaware law, in failing to award her attorney's fees with regard to its award for permanent impairment to her neck. The Board characterized Simmons' case before it as involving three separate claims, each of which qualified for a

potential award of attorney's fees. For the first two issues, compensation for partial disability and the payment of medical bills, the Board awarded Simmons the maximum possible attorney's fees permitted by statute. 19 *Del.C.* § 2127. It directed the Hospital to pay Simmons an attorney's fee for each award equal to the lesser of $2250 or 30% of the amount awarded on her first two claims. *Id.* For the third claim, compensation for permanent neck impairment, the Board relied on Board Rule 24(D) and declined to award Simmons any attorney's fees.

Industrial Accident Board Rule 24(D) provides as follows:

> When an offer of settlement is made by an employer or its insurance carrier and such offer is at least equal to the award ordered by the Board, and said offer has been communicated to the employee's attorney in writing at any time more than 21 days prior to the hearing before the Board, the Board shall consider such facts in its determination of reasonableness of the attorney's fees.

In this case, Simmons had rejected a settlement offer from the Hospital, extended more than 21 days prior to the hearing, to compensate her based on 5% permanent neck impairment. Because the Board ultimately awarded her compensation based on 5% permanent impairment, the Board declined to award Simmons attorney's fees on the permanency issue, citing Rule 24(D).

### Board Rule 24(D)
### Simmons' Contention

In this appeal, Simmons contends that the Board's refusal to award an attorney's fee on the permanency issue violated 19 *Del.C.* § 2127. That section provides:

> (a) A reasonable attorney's fee in an amount not to exceed 30% of the award or $2250, whichever is smaller, shall be allowed by the Board to any employee awarded compensation under this chapter and Chapter 23 of this Title and taxed as costs against a party.
>
> (b) No compensation, other than the fee provided by subsection (a) of this section, may be received by an attorney for services before the Board; provided, however, that this limitation shall not apply to any fee for services rendered by an attorney on appeal from an award or a denial of an award by the Board.

19 *Del.C.* § 2127. According to Simmons, Board Rule 24(D) is invalid because the Board rule denies an award of attorney's fees where the statute dictates that such an award "*shall* be allowed." 19 *Del.C.* § 2127(a). (emphasis added). Simmons argues that because Section 2127(b) prohibits an attorney from receiving any payment other than the Board's award, the Board's absolute denial of an attorney's fee pursuant to Rule 24(D) unfairly punished the attorney for the client's decision to reject a settlement offer.

### Attorney's Fee
### Statutory Mandate

■ This Court has held that the word "shall" in a statute authorizing attorney's fees is "mandatory and leaves no room for the exercise of judicial discretion regarding that right." *Heil v. Nationwide Mutual Ins. Co.,* Del.Supr., 371 A.2d 1077 (1977). In *Heil,* this Court held that a statute, worded similarly to Section 2127, permitted discretion over the amount of the attorney's fees to be awarded depending upon the circumstances of a given case. However, the discretion permitted by the statute's dictate that attorney's fees "shall" be awarded did not extend to the *absolute* denial of attorney's fees.

The legislative history of Section 2127 supports our conclusion that the Board may not completely deny the award of an attorney's fee. In 1962, Section 2127 provided that the Board "may" award attorney's fees to successful claimants. 53 Del.Laws Ch. 381. In 1966, the General Assembly amended the statute to its present form, directing that the Board "shall" award attorney's fees to successful claimants.

■ When a legislative body amends a prior enactment by a material change in the language, it is presumed that a change in the meaning was intended. *Giuricich v. Emtrol Corp.,* Del.Supr., 449 A.2d 232, 237 (1982); *Daniel D. Rappa, Inc. v. Engelhardt,* Del.

Supr., 256 A.2d 744, 746 (1969). The present version of the statute is unambiguous. It "must be held to mean that which it plainly states." *See A & P Stores v. Hannigan,* Del.Supr., 367 A.2d 641, 642 (1976); *Balma v. Tidewater Oil Co.,* Del.Supr., 214 A.2d 560, 562 (1965). We hold that the Board's decision to award Simmons no attorney's fee on the permanent impairment claim violated Section 2127. *Accord Heil v. Nationwide Mutual Ins. Co.,* 371 A.2d at 1078.

### Board Rule 24(D)

The Superior Court previously held that Board Rule 2, a precursor to Board Rule 24(D), violated Section 2127 and was void. *Ellison v. City of Wilmington,* Del.Super., 301 A.2d 303 (1972). At that time, Board Rule 2 stated:

> If a hearing is had before the Industrial Accident Board and an award is made in favor of the injured employee the maximum amount of the statutory attorney's fee will be allowed to the employee and taxed against the employer or his carrier except when the offer of settlement made by the employer or his carrier is equal to the award offered by the Industrial Accident Board and such offer of settlement has been communicated to the employee's attorney no later than ten days before the date set for the hearing.

The Superior Court held that, to the extent the Rule permitted the Board to automatically deny attorney's fees and thereby avoid its duty under Section 2127 to award a reasonable attorney's fee, the rule was void. *Id.* at 306.

The Board thereafter changed the provisions of its prior Rule 2 to Rule 24(D) in its present form. In Rule 24(D), the Board purported to address the Superior Court's concern. The rejection of a settlement offer is now one factor the Board can consider in determining the "reasonable fee" to which the claimant's attorney is entitled. Therefore, the applicability of Rule 24(D) does not automatically result in the denial of an attorney's fee.

### Board Rule 24(D)
### *Purpose and Operation*

This Court has previously acknowledged the proper purposes served by Board Rule 24(D). *State v. Drews,* Del.Supr., 491 A.2d 1136, 1139 (1985). In *Drews,* this Court stated:

> Board Rule 24 makes clear that the issue of fees is before the Board whenever a settlement offer is communicated within 21 days of the hearing. The purposes of this rule are: (1) to encourage early settlement by employers before claimants' attorneys must engage in substantial pre-hearing preparation, and (2) to prevent abuses by claimants' attorneys, who do not accept valid settlement offers, and thereby force unnecessary Industrial Accident Board hearings.

*Id.* at 1139. The proper purposes of Rule 24(D) were reviewed again in *Seaford Feed Co. v. Moore,* Del.Supr., 537 A.2d 184 (1988).

█ Although the purposes of Rule 24(D) are proper, the Rule must not operate as a presumption that whenever a claimant exercises his or her right to proceed before the Board, and the Board ultimately awards the claimant an amount equal to or less than a prior rejected settlement offer, the claimant or the claimant's attorney necessarily committed an "abuse" by rejecting the offer and pursuing the claim before the Board. In certain instances, under the simplified worker's compensation statutory recovery scheme, the Board's ultimate award is based on either a schedule or a straight-forward mathematical computation. As to such claims, the fact that a claimant rejected an earlier equivalent settlement offer *may* properly be given some weight under Rule 24(D) in the Board's determination of a "reasonable" attorney's fee award.[3]

█ Nevertheless, there will be other instances in which the amount of the claimant's recovery is not clearly prescribed by a statutory formula or schedule and, thus, the Board's ultimate award is not foreordained,

---

**3.** We note that the proper application of the statute to "schedule" claims can frequently lead to legitimate differences of opinion which the parties are entitled to have adjudicated by the Board.

e.g., soft tissue injuries. In those more complex, unpredictable cases, the claimant may have ample justification for rejecting a settlement offer. Accordingly, when the claimant has valid reasons for rejecting a settlement offer and presents some probative evidence or cogent legal argument in support of a position at a hearing, the Board should accord little weight to the fact that a settlement offer was rejected in light of the relationship of the offer to the actual award.

■ In applying Rule 24(D), the Board must be careful not to exacerbate the potential conflict of interest claimants' attorneys already confront as a result of the provisions contained in 19 *Del.C.* § 2127. Section 2127(a) provides that the Board shall allow attorney's fees to a claimant "awarded compensation" and that the employer must pay the attorney's fee award. Section 2127(b) relieves the claimant of any private, contractual arrangement to pay attorney's fees for "services before the Board." Therefore, an attorney who represents a client before the Board may look only to the Board, not the claimant, to receive compensation for his or her services. Conversely, Section 2127 has been construed as not applying to settlements. *See Anderson v. Wheeler Constr.,* Del.Super., 267 A.2d 616 (1970).

Accordingly, a Board award equal in amount to a settlement offer is *always* financially more advantageous to a claimant because it is not reduced by the payment of an attorney's fee. In fact, a Board award in an amount significantly less than a settlement offer may actually result in a greater net dollar recovery for the claimant. For example, where a claimant has agreed to pay attorney's fees in the amount of 30% of the recovery, the claimant would be $500 better off receiving an $18,000 award from the Board than by accepting a $25,000 offer of settlement. The opposite is true for the attorney, who would receive $7,500 pursuant to the fee agreement, but could only be awarded a maximum of $2,250 after prevailing in a Board hearing. Rule 24(D) adds the risk that the Board will award the attorney only a nominal fee because the claimant rejected the settlement offer.

■ Claimants are protected in such situations by the Delaware Lawyers' Rules of Professional Conduct promulgated by this Court. *See* Del.Rules Ann. 1121–99 (1995 ed.). Due to the ethical concerns created by Section 2127 and Rule 24(D), attorneys are required to disclose fully their conflict of interest when discussing the merits of any settlement proposal. *See* Del.R.Prof.C. 1.7. Consequently, attorneys must explain how Section 2127 operates and, to the extent possible, advise their clients of the "break even" amount for a Board award in discussing the likelihood of obtaining a better result than that being offered in a proposed settlement. *Id.* This should be done in accordance with Rules 1.4 and 1.5 of the Delaware Lawyers' Rules of Professional Conduct.

■ The validity of Section 2127 was not raised as an issue in this appeal. We are also not called upon to decide whether the Superior Court properly interpreted Section 2127 in *Anderson.* Accordingly, we decline to decide either of those issues in this case.[4] We do hold, however, that the Board cannot use Rule 24(D) to encourage employers to settle at the expense of violating Section 2127's mandate that an attorney's fee *shall* be allowed when the Board awards a claimant compensation; and, that the Board must not penalize the claimant's attorney for the claimant's good faith rejection of a settlement offer.

*This Case*
*Rule 24(D) Improperly Applied*

■ Once the Board determines the number of issues which are subject to an award of attorney's fees, the Board must award attorney's fees for each *issue* in accordance with Section 2127.[5] As this Court

---

4. A fundamental constitutional principle in Delaware is that "this Court, alone, has sole and exclusive responsibility over all matters affecting governance of the Bar." *In Re Appeal of Infotechnology, Inc.,* Del.Supr., 582 A.2d 215, 220 (1990). Thus, the fees charged by members of

the Delaware Bar are subject to this Court's regulation. *See* Del.R.Prof.C. 1.5 regarding fees.

5. The Board has discretion in deciding the number of issues in a case that it will treat separately for the purpose of awarding attorney's fees. *See*

stated in *Heil*, "[t]he amount [awarded] may be minimal or even nominal; but the statute may not be disregarded entirely." *Heil v. Nationwide Mutual Ins. Co.*, 371 A.2d at 1078. The factors that the Board should consider in determining an award of attorney's fees are set forth in *General Motors Corp. v. Cox*, Del.Supr., 304 A.2d 55 (1973).

█ As a further matter, we hold that the Board erred in relying solely on Rule 24(D) in deciding whether to award an attorney's fee. The applicability of Rule 24(D) is only one factor to be considered in the Board's determination of what constitutes a "reasonable fee" in a given case. In Simmons' case, the Board must also consider that her medical expert opined that she had suffered a 25% to 30% permanent impairment to her neck, whereas the Hospital's medical expert believed she had only a 5% permanent impairment. This divergence of medical opinions would appear to be particularly relevant to determining the weight the Board should accord to Rule 24(D) in assessing a reasonable attorney's fee to award.

Board Rule 24(D) does not, *per se*, violate Section 2127(a) by making the rejection of a settlement offer a relevant but not dispositive consideration in making an award of attorney's fees. In this case, however, the Board's decision reflects three compound errors: first, it relied exclusively on Rule 24(D); second, it applied Rule 24(D) without

considering Simmons' good faith in rejecting the settlement offer; and third, the absolute denial of *any* attorney's fee on the permanent impairment claim violated Section 2127's mandate. On remand, the Board is directed to award an attorney's fee and to set forth explicitly the *ratio decidendi* for the amount that it decides to award. *General Motors Corp. v. Cox*, 304 A.2d at 57–58. *See Tate v. Miles*, Del.Supr., 503 A.2d 187 (1986).[6]

## CONCLUSION

The judgments of the Superior Court with regard to the Hospital's petition to terminate total disability payments and with regard to Simmons' claims for disability and permanent impairment benefits are AFFIRMED. The judgment of the Superior Court with regard to Simmons' claim for an attorney's fee for her representation on the permanent impairment claim is REVERSED. This matter is remanded to the Superior Court for remand to the Board and further proceedings in accordance with this opinion.

---

*General Motors Corp. v. Burgess*, Del.Supr., 545 A.2d 1186, 1194 (1988); *Mountaire of Delmarva, Inc. v. Glacken*, Del.Supr., 487 A.2d 1137, 1142 (1984). In this case, the Board concluded that three issues potentially warranted attorney's fee awards.

**6.** This Court is unable to fulfill its appellate function properly when the reasonableness of discretionary action is under review, unless reasons are given for the decision reached by the trier of fact. *General Motors Corp. v. Cox*, 304 A.2d at 57–58.