# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MORGAN PROPERTIES                )
PAYROLL SERVICES, INC.,          )
                                 )
    Employer-Appellant,          )
                                 )
    v.                           )      C.A. No. N16A-07-007 ALR
                                 )
TERESA BOWERS,                   )
                                 )
    Claimant-Appellee.           )

Submitted: March 8, 2017
Decided: May 31, 2017

## ORDER

### *On Appeal from the Industrial Accident Board*
### AFFIRMED

This is an appeal from the Industrial Accident Board ("Board"). Employer-Appellant Morgan Properties Payroll Services, Inc. ("Employer") appeals from the June 28, 2016 Board Decision granting Claimant-Appellee Teresa Bowers' Petition to Determine Additional Compensation in part. Upon consideration of Employer's appeal and Ms. Bowers' opposition thereto; the facts, arguments, and legal authorities set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. On January 17, 2014, Teresa Bowers ("Claimant") was injured in a slip-and-fall accident while working as a property manager for Employer ("2014 Work Accident"). Employer accepted the injuries arising from the 2014 Work

Accident as work-related and compensable. Claimant was placed on disability and began receiving workers' compensation benefits.

2. Prior to the 2014 Work Accident, Claimant underwent an unrelated spinal fusion surgery to repair a fracture at the C5-6 and C6-7 level of Claimant's spine ("Claimant's Previous Surgery"). Claimant's Previous Surgery arose from a 2005 rear-end motor vehicle collision and required the installation of screws and a bone graft in Claimant's spine.

3. On August 27, 2015, Claimant filed a Petition to Determine Additional Compensation ("Petition") with the Board, seeking approval for a posterior cervical fusion surgery at the C6-7 level of Claimant's spine ("Repair Surgery"). The parties do not dispute that the Repair Surgery was medically necessary to repair a fracture at C6-7 caused by the deterioration of a bone graft installed during Claimant's Previous Surgery. However, Employer opposed Claimant's Petition on the grounds that the Repair Surgery was unrelated to Claimant's 2014 Work Accident.

4. On March 17, 2016, Dr. Bruce Rudin performed the Repair Surgery on Claimant. Claimant requested Employer to compensate Claimant for medical expenses arising from the Repair Surgery thereafter. Employer contested Claimant's request for compensation.

5. On April 15, 2016, the Board conducted a hearing on the merits of Claimant's Petition and considered the causal relationship between the Repair Surgery and the 2014 Work Accident.[1] During the hearing on Claimant's Petition, the Board considered the testimony of (i) Claimant's expert Dr. Bruce Rudin, a certified orthopedic surgeon who performed the Repair Surgery; (ii) Claimant's expert Dr. Peter Bandera, a certified physician who specializes in physical medicine and rehabilitation; (iii) Claimant; and (iv) Employer's expert Dr. Alan Fink, a certified neurologist who examined Claimant on Employer's behalf.

6. By Decision dated June 28, 2016, the Board granted Claimant's Petition in part ("Board Decision").[2] The Board concluded that Claimant met her burden to establish the relationship between the Repair Surgery and the 2014 Work Accident.[3] Accordingly, the Board awarded compensation to Claimant for medical expenses pursuant to the applicable statutory fee schedule.[4]

7. On July 15, 2016, Employer filed an appeal from the Board Decision in Superior Court. Employer asserts that the Board's conclusion regarding the

---

[1] On December 28, 2015, Claimant filed an additional petition for compensation alleging permanent impairment to Claimant's spine and left hip. The Board considered Claimant's petitions on a consolidated basis during the April 15, 2016 hearing.

[2] *Bowers v. Morgan Props., Inc.*, No. 1408128 (Del. I.A.B. June 28, 2016). Although the Board awarded compensation for medical expenses arising from the Repair Surgery, the Board denied compensation for permanent impairment to Claimant's left hip. *Id.* at 19.

[3] *Id.*

[4] *Id.*

3

relationship of the Repair Surgery to the 2014 Work Accident is unsupported by substantial evidence. On March 7, 2017, the appeal was assigned to this judicial officer for decision.

8. The Court has statutorily conferred jurisdiction over appeals from administrative agencies, including appeals from the Board.[5] On appeal from a Board decision, the Court's role is limited to determining whether the Board's conclusions are supported by substantial evidence and free from legal error.[6] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[7] The Court reviews the Board's legal determinations *de novo*.[8] "Absent errors of law, however, the standard of appellate review of the IAB's decision is abuse of discretion."[9]

9. Employer appeals from a factual determination. When factual conclusions are at issue on appeal from a Board decision, the Court must "take due account of the experience and specialized competence of the agency and of the

[5] 29 *Del. C.* § 10142(a).

[6] *Glanden v. Land Prep, Inc.*, 918 A.2d 1098, 1100 (Del. 2007); *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[7] *Roos Foods v. Guardado*, 2016 WL 6958703, at *3 (Del. Nov. 29, 2016); *Olney v. Cooch*, 42 A.2d 610, 614 (Del. 1981).

[8] *Guardado*, 2016 WL 6958703, at *3; *Munyan v. Daimler Chrysler Corp.*, 909 A.2d 133, 136 (Del. 2006).

[9] *Glanden*, 918 A.2d at 1101 (citing *Digiacomo v. Bd. of Pub. Educ.*, 507 A.2d 542, 546 (Del. 1986)).

purpose of the basic law under which the agency has acted."[10] The Court "does not sit as a trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions."[11] "[T]he sole function of the Superior Court, as is the function of [the Delaware Supreme Court] on appeal, is to determine whether or not there was substantial evidence to support the finding of the Board, and, if it finds such in the record, to affirm the findings of the Board."[12]

10. For the reasons set forth below, this Court finds that the Board's determination that the Repair Surgery is related to the 2014 Work Accident is supported by substantial evidence on the record.

11. The Board's conclusion that the 2014 Work Accident caused the Repair Surgery by aggravating Claimant's pre-existing injuries and accelerating the degeneration of Claimant's spine is supported by the testimony of Claimant's expert Dr. Rudin. Dr. Rudin testified that Claimant's medical records indicated that Claimant had recovered from Claimant's Previous Surgery and was working full-time without limitation prior to the 2014 Work Accident.[13] Dr. Rudin testified

---

[10] 29 *Del. C.* § 10142(d).
[11] *Christiana Care Health Servs. v. Davis*, 127 A.2d 391, 394 (Del. 2015); *Johnson*, 213 A.2d at 66.
[12] *Johnson*, 213 A.2d at 66 (internal citations omitted).
[13] Rudin Dep. at 8:11–9:8.

5

that Claimant did not require additional surgery at C6-7 until the 2014 Work Accident exacerbated Claimant's symptoms.[14]  Dr. Rudin stated that:

> [Claimant] was basically normal, had a significant fall, had multiple injuries, and I think it temporally relates to her complaints of neck pain that she's had ever since her fall.  I mean, since really the day of her fall she started complaining and she's never really stopped complaining to that date, so . . . the [medical records] support that she injured herself in early January of 2014.  Certainly no evidence that there was anything else that just randomly happened to her unrelated to that injury.[15]

12.     Dr. Rudin opined to a reasonable degree of medical probability that the 2014 Work Accident gave rise to the Repair Surgery by exacerbating a non-union at the C6-7 level of Claimant's spine and hastening the degeneration of the fusion repair from Claimant's Previous Surgery.[16]  Dr. Rudin based his testimony on the significant change in Claimant's symptoms following the 2014 Work Accident and the statistical unlikelihood that the injuries underlying the Repair Surgery were asymptomatic for years after Claimant's Previous Surgery and unrelated to the 2014 Work Accident.[17]   Dr. Rudin testified that "all of [Claimant's] symptoms are related to the [2014 Work Accident],"[18] and that this conclusion was "the only diagnosis that really makes sense."[19]  Dr. Rudin stated

---

[14] *See id.* at 8:11–10:3.
[15] *Id.* at 9:17–10:3.
[16] *Id.* at 11:18–23.
[17] *See id.* at 12:11–14:2.
[18] *Id.* at 12:6–7.
[19] *Id.* at 11:22–23.

that "[w]hat matters is that [Claimant] came to me with disabling neck pain that needed to be fixed, and I can certainly say within reasonable degree of medical probability that her neck pain started as a result of the [2014 Work Accident]."[20]

13. In finding that Claimant established the necessary relationship between the Repair Surgery and 2014 Work Accident, the record reflects that the Board credited the testimony of Claimant's medical expert Dr. Rudin over Employer's medical expert Dr. Fink.[21] It is well-established that the Board may reconcile competing medical testimony by crediting the opinion of one expert over another.[22] Where the Board elects to adopt one expert opinion over another, the adopted opinion constitutes substantial evidence for the purpose of appellate review.[23]

14. In addition, the Board found that Claimant offered credible testimony regarding the aggravation of her pre-existing injuries following the 2014 Work Accident.[24] The Board noted that "[Claimant's] complaints related to the cervical spine are consistent with the medical records and diagnostic studies and [the

---

[20] *Id.* at 15:23–16:3.

[21] *Bowers*, No. 1408128, at 14 ("The Board finds the testimony of Dr. Rudin to be more reliable than that of Dr. Fink and accordingly adopts his opinion that Claimant's cervical spine surgery is causally related to the compensable work injury.").

[22] *Whitney v. Bearing Const., Inc.*, 2014 WL 2526484, at *2 (Del. May 30, 2014); *Steppi v. Conti Elec., Inc.*, 2010 WL 718012, at *3 (Del. Mar. 2, 2010).

[23] *Munyan*, 909 A.2d at 136; *Bacon v. City of Wilmington*, 2014 WL 1268649, at *2 (Del. Super. Jan. 31, 2014).

[24] *Bowers*, No. 1408128, at 15.

7

Board] accepts them as credible."[25]   In relying on Dr. Rudin and Claimant's testimony as persuasive, the Board made a permissible credibility determination in order to reconcile inconsistent factual testimony.[26]   The Delaware Supreme Court has made it abundantly clear that "[t]he function of reconciling inconsistent testimony or determining credibility is exclusively reserved for the Board."[27] "Only where there is no satisfactory proof in support of a factual finding of the Board may the Superior Court, or [the Delaware Supreme Court] for that matter, overturn it."[28]

15.    This Court finds relevant evidence that a reasonable mind may accept as adequate[29] to support the Board's conclusion that "Claimant has met her burden to prove the causal relationship of her 2015 cervical spine surgery to the January 2014 work accident."[30]   Accordingly, the Board Decision is supported by substantial evidence and must be affirmed.

---

[25] *Id.*

[26] *See Davis*, 127 A.2d at 394; *Simmons v. Delaware State Hosp.*, 660 A.2d 384, 388 (Del. 1995).

[27] *Simmons*, 660 A.2d at 388 (citing *Breeding v. Contractors–One–Inc.*, 549 A.2d 1102, 1106 (Del. 1988)); *Martin v. State*, 2015 WL 1548877, at *3 (Del. Super. Mar. 27, 2015).

[28] *Streett v. State*, 669 A.2d 9, 11 (Del. 1995) (quoting *Johnson*, 213 A.2d at 67).

[29] *See Guardado*, 2016 WL 6958703, at *3.

[30] *Bowers*, No. 1408128, at 14.

NOW, THEREFORE, this 31st day of May, 2017, the June 28, 2016 Board Decision granting Claimant's Petition to Determine Additional Compensation in part is hereby AFFIRMED.

IT IS SO ORDERED.

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**