# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PC METRO BOTTLING,                  )
                                    )
    Appellant/                    )
    Employer-Below,               )
                                    )
    v.                            )     C.A. No.: N18A-11-001 ALR
                                    )
RANDALL R. RINGGOLD,                )
                                    )
    Appellee/                     )
    Claimant-Below.               )

Submitted: April 5, 2019
Decided: June 13, 2019

***Upon Appeal from the Industrial Accident Board***
**AFFIRMED**

## ORDER

This is an appeal from the Industrial Accident Board ("IAB"). Upon consideration of the facts, arguments, and legal authorities set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Claimant-Appellant, Randall R. Ringgold ("Claimant"), suffered a compensable injury to the right shoulder on November 26, 2016 while working for PC Metro Bottling ("Employer"). Claimant sustained the injury while reaching overhead for a case of two-liter soda bottles. Claimant continued working for Employer after the work-related accident.

2. Claimant underwent surgery to the right shoulder performed by Claimant's treating physician, Douglas Palma, M.D., on March 9, 2017. At that time, Claimant was placed on total disability.

3. Employer's defense medical expert, Evan Crain, M.D., examined Claimant on October 18, 2017 at Employer's request. Dr. Crain also reviewed a number of medical records related to the case. Dr. Crain, opined that as of the October 18, 2017 Defense Medical Examination ("DME"), Claimant was no longer physically disabled from all work. Specifically, Dr. Crain found Claimant to be capable of full-time, medium duty work and expected Claimant to be capable of full duty work without restrictions upon completion of a work hardening program.

4. Claimant discontinued the work hardening program after several weeks because Claimant did not believe it was helpful to resolving Claimant's continued right shoulder symptoms.

5. Dr. Palma released Claimant to return to work full duty with no restrictions as of October 30, 2017. Nevertheless, Claimant continued to experience issues with his right shoulder. Claimant returned to see Dr. Palma on November 13, 2017, whereupon medium duty work restrictions were reinstated.

6. On January 11, 2018, Employer filed a petition with the IAB seeking to terminate Claimant's total disability benefits.

7. A hearing was held on the pending termination petition on April 30, 2018. During the hearing, the IAB considered a stipulation of facts provided by the parties as well as the testimony of Claimant and Dr. Crain.[1]

8. By decision dated July 11, 2018 ("Termination Decision"), the IAB determined that Claimant is no longer totally disabled and can return to work in a fulltime, medium duty position with restrictions that are causally related to the compensable work injuries. After weighing the evidence, the IAB accepted Dr. Crain's opinion that Claimant was no longer physically disabled from all work as of October 18, 2017. Nevertheless, because Dr. Crain had not examined Claimant since the October 18, 2017 DME to confirm that Claimant is capable of a full duty release, the IAB concluded that Claimant continued to only be capable of working within the restrictions provided by Dr. Palma in November 2017. Furthermore, the IAB found that Claimant's discontinuation of the work hardening program did not constitute refusal of reasonable medical services and that Claimant had otherwise complied with recommended treatment.

---

[1] The IAB allowed Dr. Palma's record to be admitted as evidence that Claimant received an updated Physician's Report of Workers' Compensation Injury from Dr. Palma just prior to the hearing. However, without any expert medical testimony discussing or interpreting the record, the IAB did not give the contents of the document any weight in its deliberations.

9. The IAB granted the termination petition and awarded ongoing partial disability benefits. The IAB also awarded attorney's fees in the amount of $7,000.00.

10. On July 9, 2018, just prior to the issuance of the IAB's decision on the termination petition, Claimant returned to work and informed Employer that he was not seeking further partial disability benefits. Claimant recovered a total of $13,106.38 in disability benefits before payments were ceased on July 9, 2018.

11. On July 20, 2018, Employer filed a motion for clarification in regards to the IAB's award of attorney's fees. The IAB declined to alter the award of attorney's fees on the grounds that an attorney's fee is awarded as remuneration for legal work already performed and whether a claimant continues to remain eligible for disability benefits has no bearing on the attorney's fee award already earned by claimant's counsel in a termination hearing.[2] By decision dated October 10, 2018 ("Attorney's Fee Decision"), the IAB concluded that the attorney's fee award was justified based on Claimant's potential total recovery and the unknown duration of partial disability at the time of the termination hearing on April 30, 2018.

---

[2] *Konkiel v. Wilmington Country Club*, 2004 WL 1543250, at *7 (Del. Super. July 6, 2004). *See also Amaya v. The Royal Surf Club*, Del. IAB, Hearing No. 1317480 (Oct. 7, 2009) (ORDER) (explaining that the fact that an award of benefits may subsequently terminate does not change the potential value of the award for purposes of calculating an attorney's fee).

4

12.     Employer appeals from both the IAB's Termination Decision and Attorney's Fee Decision.

13.     In considering an appeal from an IAB decision, this Court's role is limited to determining whether the IAB's conclusions are supported by substantial evidence and are free from legal error.[3]   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] This Court "does not sit as a trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions."[5]   The Court must give deference to "the experience and specialized competence of the Board and must take into account the purposes of the Worker's Compensation Act."[6]

14.     The IAB has discretion in determining the amount of attorney's fees it awards.[7] However, the IAB must exercise this discretion in a manner consistent with

---

[3] *Glanden v. Land Prep, Inc.*, 918 A.2d 1098, 1100 (Del. 2007); *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[4] *Roos Foods v. Guardado*, 2016 WL 6958703, at *3 (Del. Nov. 29, 2016); *Olney v. Cooch*, 42 A.2d 610, 614 (Del. 1981).

[5] *Christiana Care Health Servs. v. Davis*, 127 A.2d 391, 394 (Del. 2015); *Johnson*, 213 A.2d at 66.

[6] *Histed v. E.I. Du Pont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).

[7] *Simmons v. Del. State Hospital*, 660 A.2d 384, 389 (Del. 1995).  *General Motors Corp. v. Cox* sets forth the factors that the IAB must consider in calculating an award of attorney's fees.  304 A.2d 55, 57 (Del. 1973).

the purposes of the Workers' Compensation Act.[8]  Absent an abuse of discretion or an error of law, the Court will not disturb an award of attorney's fees.[9]

15.     The record reflects that the IAB found substantial evidence to terminate Claimant's total disability benefits, grant partial disability payments, and award attorney's fees.  Relying on Dr. Crain and Claimant's testimony as persuasive, the IAB made permissible credibility determinations in order to reconcile inconsistencies in the record.[10]  The Delaware Supreme Court has made it abundantly clear that "[t]he function of reconciling inconsistent testimony or determining credibility is exclusively reserved for the Board."[11]  "Only where there is no satisfactory proof in support of a factual finding of the Board may the Superior Court, or [the Delaware Supreme Court] for that matter, overturn it."[12]

16.     This Court is satisfied that there is sufficient record evidence to support the IAB's factual conclusions and that the IAB decisions are free from legal error. Moreover, the IAB did not abuse its discretion.

**NOW, THEREFORE, this 13th day of June, 2019, the July 11, 2018 Industrial Accident Board decision terminating total disability benefits and**

---

[8] *Histed*, 621 A.2d at 342.

[9] *Digiacomo v. Bd. of Public Educ. in Wilmington*, 507 A.2d 542, 546 (Del. 1986).

[10] *See Davis*, 127 A.2d at 394; *Simmons*, 660 A.2d at 388.

[11] *Simmons*, 660 A.2d at 388 (citing *Breeding v. Contractors–One–Inc.*, 549 A.2d 1102, 1106 (Del. 1988)); *Martin v. State*, 2015 WL 1548877, at *3 (Del. Super. Mar. 27, 2015).

[12] *Streett v. State*, 669 A.2d 9, 11 (Del. 1995) (quoting *Johnson*, 213 A.2d at 67).

awarding partial disability benefits, as well as the October 10, 2018 Industrial Accident Board decision clarifying the award of attorney's fees are hereby AFFIRMED.

IT IS SO ORDERED.

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**