# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JOHN NOBLES-ROARK,    )
            )
 Appellant/       )
 Claimant Below,     )
            )
 v.          )  C.A. No. N19A-11-001 ALR
            )
BACK BURNER,     )
            )
 Appellee/       )
 Employer Below.     )

Submitted: July 6, 2020
Decided: July 28, 2020

***Upon Appeal from the Industrial Accident Board***
**AFFIRMED**

## <u>ORDER</u>

This is an appeal from the Industrial Accident Board ("IAB"). Claimant-Appellant, John Nobles-Roark ("Claimant"), filed an IAB petition to determine additional compensation due, seeking compensation for medical marijuana treatment starting in 2015. The IAB denied Claimant's petition. Upon consideration of the facts, arguments, and legal authorities set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Claimant sustained a lumbar injury on May 22, 1998, while working for Back Burner ("Employer"). The IAB found Claimant's injury compensable by decision dated October 25, 2000, and Claimant underwent repair surgery thereafter.

Although Claimant was able to return to work after surgery, his condition continued to deteriorate, prompting Claimant to petition the IAB to reinstate his temporary total disability, which the IAB granted in part by decision dated November 20, 2003. Between 2004 and 2007, Employer filed three separate petitions to terminate Claimant's benefits, alleging each time that Claimant's disability had ended. The IAB denied all three petitions.

2. From 2003 to 2018, Dr. Peter B. Bandera, M.D., treated Claimant's chronic back pain with a combination of epidural injections, physical therapy, and prescription medication. Until 2016, Dr. Bandera prescribed various narcotics, such as muscle relaxers and opioids. Dr. Bandera also prescribed stomach medication due to harsh effects of the narcotics on Claimant's stomach.

3. Claimant began using recreational marijuana in 2014. Having found the marijuana to be effective in controlling his pain, Claimant discussed with Dr. Bandera a possible prescription for medical marijuana. Believing that Claimant met the criteria for obtaining medical marijuana, Dr. Bandera completed a physician's certification in June 2014. The State of Delaware approved Claimant for purchasing medical marijuana in August 2014.

4. Claimant began purchasing medical marijuana in June 2015. Meanwhile, in an effort to wean Claimant off of opioids, Dr. Bandera continued to prescribe Claimant with Oxycodone at reduced dosages until October 2016.

2

Claimant testified that he was fully weaned off of the narcotic medication by July 2016.

5. On April 4, 2019, Claimant filed a petition to determine additional compensation due, seeking compensation for the out-of-pocket expenses Claimant paid for medical marijuana treatment since 2015.

6. The IAB held a hearing on Claimant's petition on September 23, 2019. During the hearing, the IAB considered testimony of Claimant, who testified in-person, and Dr. Bandera, who testified by deposition. Dr. Bandera offered his medical opinion that Claimant's medical marijuana treatment is reasonable and necessary as a replacement for the opioids previously used to treat Claimant's chronic pain. The IAB also considered the deposition testimony of Dr. Jason Brokaw, a medical expert certified in pain management who testified on Employer's behalf. Dr. Brokaw opined that Claimant is not a good candidate for medical marijuana treatment, therefore making the treatment neither reasonable nor necessary, based on Claimant's various comorbidities such as Chronic Obstructive Pulmonary Disorder, bipolar disorder, depression, and anxiety.

7. By decision dated October 30, 2019, the IAB denied Claimant's petition, finding Claimant failed to satisfy his burden of proving that the medical

marijuana treatment was reasonable and necessary.[1] After weighing the evidence, the IAB found Dr. Brokaw's opinion more "believable"[2] and Dr. Bandera's opinion less credible. Specifically, the IAB noted that Dr. Bandera was "unaware of Claimant's significant comorbidities" and that there were "gaps in Claimant's treatment, both with Dr. Bandera and with the State of Delaware for medical marijuana."[3]

8.      Claimant appeals the IAB's October 30, 2019 decision, arguing that the IAB committed legal error by (1) improperly considering medical studies referenced by Dr. Brokaw, (2) relying on medical studies that, according to Claimant, contradict Delaware law regarding the efficacy of medical marijuana, and (3) misapplying the "reasonable and necessary" standard by accepting the opinion of Dr. Brokaw over the opinion of Dr. Bandera.

9.      In considering an appeal from an IAB decision, this Court's role is limited to determining whether the IAB's conclusions are supported by substantial evidence and are free from legal error.[4] Substantial evidence is "such relevant

---

[1] *Nobles-Roark v. Back Burner*, IAB Hearing No. 1144068 (Oct. 30, 2019), at 55–56.
[2] *Id.* at 56.
[3] *Id.*
[4] *Glanden v. Land Prep, Inc.*, 918 A.2d 1098, 1100 (Del. 2007); *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

evidence as a reasonable mind might accept as adequate to support a conclusion."[5]

This Court "does not sit as a trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions."[6] The Court must give deference to "the experience and specialized competence of the [IAB] and must take into account the purposes of the Worker's Compensation Act."[7]

10.     The IAB did not commit legal error by considering medical studies and research referenced by Dr. Brokaw.  First, the IAB's rules, unlike the Superior Court's Rules of Civil Procedure, do not permit discovery of expert witnesses and the Delaware legislature has given the IAB broad authority to fashion its own rules.[8] Second, Delaware courts give the IAB significant deference over evidentiary and procedural matters in IAB hearings.[9]  Importantly, the IAB here, addressing Claimant's objection to Dr. Brokaw's references to the studies, assigned appropriate

---

[5] *Roos Foods v. Guardado*, 2016 WL 6958703, at *3 (Del. Nov. 29, 2016); *Olney v. Cooch*, 42 A.2d 610, 614 (Del. 1981).

[6] *Christiana Care Health Servs. v. Davis*, 127 A.2d 391, 394 (Del. 2015); *Johnson*, 213 A.2d at 66.

[7] *Histed v. E.I. Du Pont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).

[8] *See* 19 *Del. C.* § 2301A(*i*) ("The [IAB] may promulgate its own rules of procedure for carrying out its duties consistent with Part II of this title and the provisions of the Administrative Procedures Act.").

[9] *See Hellstern v. Culinary Servs. Grp.*, 2019 WL 460309, at *12–13 (Del. Super. Jan. 31, 2019).

weight to Dr. Brokaw's testimony during its deliberations.[10]  Accordingly, the IAB did not abuse its discretion and its consideration of Dr. Brokaw's references to previously undisclosed medical studies and research therefore did not amount to legal error.

11.    Claimant's argument that Dr. Brokaw's testimony contradicts Delaware law regarding the efficacy of medical marijuana is similarly unavailing. Dr. Brokaw's testimony cited recent medical research finding potential injurious effects of medical marijuana and highlighting the treatment's experimental nature. Claimant argues that the IAB committed legal error by relying on this testimony because, according to Claimant, the testimony contradicts Delaware law. Specifically, Claimant cites Section 4901A of Title 16 of the Delaware Code, the General Assembly's findings in the Delaware Medical Marijuana Act, which acknowledges "[s]tudies . . . [that] show the therapeutic value of marijuana in treating a wide array of debilitating medical conditions."[11]

12.    However, the question is not whether Claimant may use medical marijuana, it is whether he will have to pay for himself.  Accordingly, the IAB's inquiry was governed not by the Medical Marijuana Act but rather by the Workers' Compensation Act, which requires employers to pay for reasonable and necessary

---

[10] *Nobles-Roark v. Back Burner*, IAB Hearing No. 1144068 (Oct. 30, 2019), at 20 n.2.
[11] 16 *Del. C.* § 4901A(b).

6

medical "services, medicine and supplies" causally connected with an employee's compensable workplace injury.[12] The General Assembly's finding that medical marijuana can effectively treat some patients does not amount to a finding that medical marijuana is "reasonable and necessary" to treat *all* patients. Indeed, whether medical treatment is reasonable and necessary is an individualized inquiry.[13] Thus, the General Assembly's acknowledgment of medical marijuana's efficacy in treating some patients does not preclude a finding that medical marijuana is not reasonable or necessary for a particular patient. Accordingly, the IAB did not commit legal error by relying on medical studies that purportedly conflict with studies cited in Section 4901A.

13. Finally, the IAB's acceptance of Dr. Brokaw's opinion over the opinion of Dr. Bandera was not legal error. The IAB made permissible credibility determinations in order to reconcile inconsistencies in the doctors' opinions regarding whether medical marijuana treatment was reasonable and necessary.[14]

---

[12] *See* 19 *Del. C.* § 2322(b); *see also Bullock v. K-Mart Corp.*, 1995 WL 339025, at *2 (Del. Super. May 5, 1995) ("[A]n employer is liable during the period of disability, for reasonable medical expenses incurred[,] . . . [which] must be reasonable and necessary and must be causally related to the industrial accident.").

[13] *Brittingham v. St. Michael's Rectory*, 788 A.2d 519, 523 (Del. 2002) ("[T]he [Workers' Compensation Act] requires the [IAB] to determine whether the treatment is reasonable for that specific claimant and not whether the treatment is reasonable generally for anyone with the claimant's condition.").

[14] *See Davis*, 127 A.2d at 394; *Simmons v. Del. State Hosp.*, 660 A.2d 384, 388 (Del. 1995).

The Delaware Supreme Court has made clear that "[t]he function of reconciling inconsistent testimony or determining credibility is exclusively reserved for the [IAB]."[15] "Only where there is no satisfactory proof in support of a factual finding of the [IAB] may the Superior Court, or [the Delaware Supreme Court] for that matter, overturn it."[16] This Court is satisfied that there is sufficient record evidence to support the IAB's acceptance of Dr. Brokaw's opinion over the opinion of Dr. Bandera.

14.    The IAB's factual conclusions are supported by substantial evidence, and its decision is free from legal error. Moreover, the IAB did not abuse its discretion.

**NOW, THEREFORE, this 28th day of July 2020, the October 30, 2019 decision of the IAB denying Claimant's petition to determine additional compensation due is hereby AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
**The Honorable Andrea L. Rocanelli**

---

[15] *Simmons*, 660 A.2d at 388 (citing *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1106 (Del. 1988)); *Martin v. State*, 2015 WL 1548877, at *3 (Del. Super. Mar. 27, 2015).
[16] *Streett v. State*, 669 A.2d 9, 11 (Del. 1995) (quoting *Johnson*, 213 A.2d at 67).