# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MELISSA TAYLOR,                         )
                                        )
    Employee-Appellant,              )
                                        )
    v.                               )  C.A. No.: N20A-05-002 CEB
                                        )
STATE OF DELAWARE,                      )
                                        )
    Employer-Appellee.               )

## ORDER

Submitted: May 5, 2021
Decided: June 24, 2021

*Upon Consideration of Claimant's Appeal of the Decision of the Industrial Accident Board,* **AFFIRMED.**

Tara E. Bustard, Esquire, DOROSHOW, PASQUALE KRAWITZ & BHAYA, Wilmington, Delaware. *Attorney for Employee-Appellant.*

Benjamin K. Durstein, Esquire, MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, Wilmington, Delaware. *Attorney for State of Delaware, Employer-Appellee.*

**BUTLER, R.J.**

The Court enters the following Order in connection with the appeal of Melissa Taylor ("Claimant") of the decision of the Industrial Accident Board ("IAB") against her and in favor of the employer, State of Delaware ("Employer"):

1.      In September 2016, Claimant sustained a wrist injury while restraining a kindergartner who was having auditory hallucinations and a three-hour tantrum. At the time of the accident, Claimant was an Educational Diagnostician, performing testing for special education students.  Claimant underwent surgery for the wrist injury and was casted to her shoulder.  While in this cast, Claimant's right arm began to hurt and she requested the cast be removed.  Upon removal, Claimant noticed arm discoloration and hypersensitivity to pain.

2.      In January 2017, Claimant was diagnosed with complex regional pain syndrome ("CRPS") in her right wrist and arm.  CRPS causes swelling, bruising and sores on her body, and hypersensitivity and severe pain when anything touched her hand.  Claimant's attempt to return to work in April 2017 was short-lived.  Her physician restricted her to occasional sitting, standing and driving; she has remained out of work since.

3.      Pursuant to an agreement between the parties, Claimant was receiving partial disability benefits beginning in July 2018.  On April 8, 2019, Claimant filed a Petition to Determine Additional Compensation Due, seeking 1) acknowledgement that CRPS had spread to Claimant's right lower extremity, and 2) a recurrence of

total disability benefits.  Employer agreed to acknowledge the spread of her CRPS. The IAB conducted a hearing on Claimant's petition seeking total disability benefits. The IAB ultimately concluded that Claimant did not satisfy her burden to show she has been rendered totally incapable of working since April 2019.

4.     Claimant filed an appeal of the IAB ruling with this Court.  Claimant alleges the IAB erred because 1) it committed legal error by failing to apply the entire definition of "total disability" to its analysis and 2) its conclusions were not supported by substantial evidence.

5.     The Court has jurisdiction over appeals from administrative agencies, including the IAB.[1]  The Court's review of an agency's decision is limited to a determination whether the findings and conclusions are supported by substantial evidence and free from legal error.[2]  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3]  The Court reviews the agency's legal determinations *de novo*.[4]  Absent an error of law, the Court reviews for abuse of discretion.[5]  The IAB has abused its discretion only when

---

[1] 29 *Del. C.* § 10142(a).
[2] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965); *see also Glandon v. Land Prep Inc.*, 918 A.2d 1098, 1100 (Del. 2007).
[3] *Roos Foods v. Guardado*, 152 A.3d 114, 118 (Del. 2016); *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981).
[4] *Guardado*, 152 A.3d at 118; *Munyan v. Daimler Chrysler Corp.*, 909 A.2d 133, 136 (Del. 2006).
[5] *Pers.-Gaines v. Pepco Hldgs., Inc.*, 981 A.2d 1159, 1161 (Del. 2009).

its decision has "exceeded the bounds of reason in view of the circumstances."[6] The Court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[7] The Court must give deference to the experience and specialized competence of the Board.[8]

6. The IAB's decision will be affirmed so long as it is supported by substantial evidence. A substantial evidence standard of review is not an invitation for the Court to examine each witness' testimony and weigh questions of credibility, all of which was done by the IAB.

7. Claimant's difficulty before the IAB lies in the fact that Claimant has minimal symptoms of CRPS on her left side and that these symptoms do not prevent her from driving, tending to her three dogs, or performing activities of daily living. Claimant has no physician restrictions regarding use of her left upper extremity. Claimant has normal strength, reflexes, sensations, and walks normally on her left side. Regarding her right side, Claimant has no physician restrictions from driving, which requires the use of her right foot.

---

[6] *Willis v. Plastic Materials, Co.*, 2003 WL 164292, at *1 (Del. Super. Jan. 13, 2003).
[7] *ILC of Dover, Inc. v. Kelley*, 1999 WL 1427805, at *1 (Del. Super. Nov. 22, 1999) (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965)).
[8] *Del. Transit Corp. v. Hamilton*, 2001 WL 1448239, at *1 (Del. Super. Oct. 31, 2001) (citing *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993)).

8.    As with many cases heard by the IAB, this one came down to a dispute between two expert medical opinions. Claimant had physician testimony to the effect that Claimant's CRPS symptoms render her incapable of working in any capacity. Had the IAB chosen to do so, it could have sustained the physician's opinion.

9.    But it is well-established in Delaware that the IAB may choose between conflicting testimony.[9] Employer had physician testimony that questioned whether Claimant's subjective left-side symptoms left her totally incapable of working or she was capable of working with restrictions. The IAB chose to credit this testimony over that of the Claimant's experts. That is one possible result. The IAB is not required to resolve every gap, contradiction or internal inconsistency in the testimony.[10] Having reviewed the record, the Court concludes that there was no legal error in crediting defendant's expert's opinion and the IAB's decision was supported by substantial evidence.

---

[9] *See Noel-Liszkiewicz v. La-Z-Boy, Inc.*, 2012 WL 4762114, at *4 (Del. Super. Oct. 3, 2012) ("In a battle of experts, the Board is ordinarily free to favor one's expert testimony."); *See also DiSabatino Bros. Inc. v. Wortman*, 453 A.2d 102, 106 (Del. 1982).

[10] *See Kochis v. Connections, CSP*, 2021 WL 1712436, at *2 (Del. Super. Apr. 30, 2021); *see also Simmons v. Delaware State Hosp.*, 660 A.2d 384, 388 (Del. 1995) ("The function of reconciling inconsistent testimony or determining credibility is exclusively reserved for the Board.").

9.      Claimant's argument that the IAB committed legal error by failing to apply the entire definition of "total disability" is unavailing. The basis for Claimant's argument is that the IAB did not apply the disability factors of whether it would take 1) the "sympathy of a particular employer" to hire Ms. Taylor or 2) "superhuman efforts" for Ms. Taylor to work.[11]

10.     But the IAB did consider these factors when it evaluated Claimant's vocational testimony that she is not employable and would require a benevolent employer to hire her. The IAB determined this testimony was less credible than Employer's vocational testimony. That credibility determination is reserved exclusively for the IAB. As previously stated, the Court will not weigh questions of credibility on appeal. Therefore, the Court finds that there was no legal error in determining Claimant's vocational testimony was not credible and the IAB's decision was supported by substantial evidence.

---

[11] Appellant's Opening Br. 34 (D.I. 11); *see M.A. Harnett, Inc. v. Coleman*, 226 A.2d 910, 913 (Del. 1967) ("[T]he essence of the test of total disability is the 'probable dependability with which the claimant can sell his services in a competitive labor market, undistorted by such factors as business booms, sympathy of a particular employer or friends, temporary good luck, or the superhuman efforts of the claimant to rise above his crippling handicaps.'" (internal citations omitted)).

For the foregoing reasons, the decision of the IAB is **AFFIRMED.**

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge